James D. COOK, Plaintiff,

v.

Vernon HOUSEWRIGHT; George Sumner; John Ignacio; James McClennan; Allen Schnaser; Lula Spencer; and Lt. Smith, Defendants.

No. CV–R–84–344–ECR

United States District Court, D. Nevada.

June 19, 1985.

James D. Cook, in pro. per.

D. Brian McKay, Atty. Gen. by David F. Sarnowski, Deputy Atty. Gen., Carson City, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This is a *pro se* 42 U.S.C. § 1983 civil rights action by an inmate of Nevada State Prison against prison officials, the prison doctor, a prison nurse and an outside surgeon. A number of incidents reflecting improper medical care are alleged. The major contentions are that there was deliberate delay in transporting the plaintiff to a local hospital for a needed second operation on his right knee and that the plaintiff has been denied the services of a physical therapist even though a medical doctor has said that physical therapy would be required for full recovery from that operation. As a result, the plaintiff contends, he never will regain the full use of his right leg and he unnecessarily suffered and will continue to endure pain and discomfort for the rest of his life.

Defendants Vernon Housewright, Director of the Nevada Department of Prisons, and George Sumner, Warden of the Nevada State Prison, have filed an Fed.R. Civ.P. 12(b)(6) motion to dismiss the complaint as against them. The basis for the motion is their lack of participation or involvement in the conduct alleged in that pleading. Each of the moving defendants has attached his own affidavit to the motion papers. Those affidavits assert a lack of personal knowledge as to any of the matters alleged in the complaint, no personal participation in the day-to-day provision of medical care for inmates, and no involvement, supervisory or otherwise, with the providing or withholding of medical treatment for the plaintiff.

■ The plaintiff, in response, has asked that the motion be treated as one for summary judgment. He has attached his own affidavit to the responsive papers. Therefore, the Court will treat the proceeding as an Fed.R.Civ.P. 56 motion for summary judgment.

The complaint charges that defendant Housewright, while acting in his official capacity as Director of the Department of Prisons, failed to properly train and instruct his subordinates to perform their duties in a manner that would not violate the plaintiff's constitutional rights. The pleading makes the same allegation against defendant Sumner, in his capacity as Warden of the Nevada State Prison. In addition, Mr. Sumner is charged with refusing to provide proper medical care and treatment to the plaintiff, as required by law.

■ Although a court may find that an untrained or poorly trained prison employee has violated an inmate's constitutional rights, and provide a remedy, to require prisons to have adequate training programs "is an impermissible judicial involvement with the minutiae of prison administration." *Hoptowit v. Ray*, 682 F.2d 1237, 1251 (9th Cir.1982). Nevertheless, an official's failure to act, in violation of duties imposed upon him by statute, may subject him to liability under § 1983. *Johnson v. Duffy*, 588 F.2d 740, 744 (9th Cir.1978). NRS 209.131 places upon the Director of the Department of Prisons responsibility for the care and treatment of prison inmates and specifically requires him to take proper measures to protect the health of the inmates. In turn, NRS 209.161 makes the Warden of each prison responsible to the Director for the administration of his prison, including the execution of all policies pertaining to the care of inmates. This Court has held, in a case not involving medical care, that a prison official may be held liable if his lack of care in the training of subordinates proximately results in injury to an inmate. *Buckner v. State of Nev.*, 599 F.Supp. 788, 791 (D.Nev.1984); *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (prisoners are entitled to reasonable medical care, and the officers with custody of them have a duty to procure such care and *Hopper v. Hayes*, 573 F.Supp. 1368, 1373 (D.Ida.1983) (where a city's failure to train its police officers con-

stitutes negligence, the city may be held liable under § 1983).

 *Hoptowit,* at 682 F.2d 1251, indicates that injunctive relief may be granted requiring prison officials to prevent guards from violating inmates' Eighth Amendment rights. As to damages, the Ninth Circuit rule is that, in a § 1983 action, vicarious liability (i.e., respondeat superior) may not be imposed on a state official for acts of his subordinates in the absence of a state law imposing such liability. *Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir.1979); *Mosher v. Saalfeld,* 589 F.2d 438, 441 (9th Cir.1978); *Johnson v. Duffy, supra* at 744. Nevada has no such law as to wardens or the Director of the Department of Prisons. The affidavits of the moving defendants indicate that they were not involved in, did not participate in, and had no knowledge of the providing or withholding of medical treatment for the plaintiff. The plaintiff's affidavit does not seek to refute these assertions.

It is true that personal participation is not the only predicate for § 1983 liability. If a defendant sets in motion, by omitting to do that which he is legally required to do, a series of acts by others that the defendant reasonably should know would cause the others to inflict injury, the defendant may be held liable. *Id.* at 743, 744; *Arnold v. Intern. Business Machines,* 637 F.2d 1350, 1355 (9th Cir.1981). There would have to exist a foreseeable risk or causal relationship between a defendant's failure to train his subordinates and the latters' conduct that injured the plaintiff, however, *Rymer v. Davis,* 754 F.2d 198, 201 (6th Cir.1985); *Buckner v. State of Nev., supra* at 791. The record before the Court in this motion for summary judgment belies the existence of such a causal relationship. Medical care repeatedly was provided, on other occasions, to the plaintiff. Nor is there any indication of any policy not to furnish such care to any inmate, as needed. The isolated allegedly deliberate failure by subordinates to provide proper care to the plaintiff alone will not suffice to impose liability on defend-ants Housewright and Sumner. *See City of Oklahoma City v. Tuttle,* —— U.S. ——, —————, 105 S.Ct. 2427, 2433–37, 85 L.Ed.2d 791 (6/3/85). The moving defendants' lack of involvement, participation and knowledge as to the plaintiff's medical treatment remains unrefuted. In such case, they may not be held liable. *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir.1980).

IT IS, THEREFORE, HEREBY ORDERED that the motion for summary judgment by defendants Vernon Housewright and George Sumner be granted. The Clerk of Court shall enter judgment dismissing the complaint as against said two defendants.