981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry BISHOP, Plaintiff-Appellant,
v.
George KAISER, et al., Defendants-Appellees.
 No. 92-15661.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 3, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Bishop, a Nevada state prisoner, appeals pro se the district court's summary judgment against him in his 42 U.S.C. § 1983 action. The district court determined that Bishop failed to show that the defendants personally participated in violating his eighth amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992), and affirm.
 
 
 3
 Bishop contends that the defendants violated his eighth amendment rights by allowing a dentist who was not licensed in the state of Nevada to pull his tooth. This contention lacks merit.
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 5
 To establish a violation of the eighth amendment, Bishop must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.1989). Bishop must also show that the defendants personally participated in the alleged constitutional violations. Taylor, 880 F.2d at 1045. A supervisor can be held liable for the constitutional violations of his subordinates only if the supervisor participated in or directed the violations. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984). There is no respondeat superior liability under section 1983, unless a state law imposes such liability. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991), cert. denied, 112 S.Ct. 972 (1992). Nevada has no state law imposing respondeat superior liability on prison wardens or directors of prisons. See Cook v. Housewright, 611 F.Supp. 828, 830 (D.Nev.1985).
 
 
 6
 Here, Bishop has alleged no specific facts showing that any of the defendants directed, participated in, or knew of the alleged violation. Dr. Cullen, the dentist who pulled Bishop's tooth, is not a defendant in this action.[1] Defendants Kaiser and Angelone both stated, in their responses to Bishop's discovery requests, that Cullen was instructed to stop performing dentistry on inmates well before Bishop's tooth was pulled. Any action he took after that time was not authorized by the defendants.[2] Bishop has alleged no facts showing that defendants Baldwin or Godinez were in any way involved in the incident. Accordingly, the district court did not err in granting summary judgment in favor of the defendants. See Taylor, 880 F.2d at 1044-45.
 
 
 7
 Bishop also contends that the district court erred in dismissing his state negligence claim after the state statute of limitations had run. This contention lacks merit.
 
 
 8
 The district court has the discretion to hear pendent state law claims if the state and federal claims arise from "a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). However, this circuit's practice is to dismiss state law claims if all federal claims are dismissed before trial. See Danner v. Himmelfarb, 858 F.2d 515, 523 (9th Cir.1988), cert. denied, 490 U.S. 1067 (1989). The district court was not required to hear Bishop's pendent claim. See Notrica v. Board of Supervisors, 925 F.2d 1211, 1215 (9th Cir.1991) (district court has discretion to dismiss pendent state law claims after state statute of limitations has run). Accordingly, the district court did not abuse its discretion in dismissing Bishop's state claim. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dr. Cullen was not timely served. The defendants are: George Kaiser, Medical Director of the Nevada Dept. of Prisons; Ron Angelone, Director of the Nevada Dept. of Prisons; Salvador Godinez, Warden of the Ely State Prison; and C. Baldwin, Director of Institutional Nursing at the Ely State Prison
 
 
 [2]
 Dr. Cullen was allowed to continue examining inmates for the sole purpose of determining whether they required dental care, to be provided by a licensed dentist in Ely, Nevada. Cullen was told not to perform any dental procedures himself. He was fired when defendants Kaiser and Angelone discovered that he was still performing dental procedures