FARRIS, Circuit Judge.
 

 The Bankruptcy Appellate Panel reversed in part an order of the Bankruptcy Court granting relief for creditor Larry Cunningham against debtor Ceresa Rothery. The BAP affirmed the ruling that Rothery’s motion to dismiss Cunningham’s Chapter 7 petition was properly converted into a motion for summary judgement, but held that partial summary judgement on the number of creditors issue should not have been granted
 
 sua sponte,
 
 since Rothery did not have adequate notice and opportunity to respond. We reverse and reinstate the order for relief.
 

 BACKGROUND
 

 Larry Cunningham obtained a judgement for $151,702 against Ceresa Rothery in November, 1995. Of the total, $95,000 was awarded as punitive damages. Ceresa Roth-ery was the wife of Alan Rothery, against whom Cunningham had a prior judgement in the amount of $140,000, including $40,000 in punitive damages. Alan Rothery died while the trial against his wife was in progress.
 

 Rothery testified that
 

 1. she had received $505,000 as the beneficiary of her husband’s life insurance policy;
 

 2. she transferred $200,000 to Alan Roth-ery’s parents;
 

 3. she paid her attorney Leight $75,000;
 

 4. she transferred $45,000 to her son Christian;
 

 5. she made approximately $40,000 in transfers to other relatives.
 

 
 *548
 
 When asked about her debts and about other creditors, she testified that
 

 1. her car insurance was all paid up;
 

 2. she had a $15,221 tax credit carry over for her 1995 taxes;
 

 3. she had five outstanding credit cards;
 

 4. she owed attorneys Snyder, Katnik and Pagter money;
 

 5. she owed money to relatives.
 

 Based on her deposition testimony, Cunningham as a creditor entitled to file a solo petition under Section 303(b) filed a Chapter 7 petition against Ceresa Rothery. He alleged that Ceresa Rothery qualifies to be a debtor under Title 11 and that she is not paying her debts when due.
 

 Ceresa Rothery alleged numerous creditors in response to the petition. Following Rothery’s answer, two creditors joined the petition, Mark Tenner and the firm of Ays-cough & Marar. Tenner had obtained a judgement for more than $500,000 against Alan Rothery. The Ayscough firm represented trustee Marshack in Alan Rothery’s bankruptcy and claimed to be a creditor based on a bankruptcy court order of October 24, 1995 granting $50,545 in fees and costs to the trustee. Ceresa Rothery failed to comply with a discovery request. Trial was set in the matter for June 6, 1996.
 

 Motion to dismiss was filed April 10, 1996. Its primary basis was Rothery’s allegation that she had more than twelve creditors, and that Tenner and Ayscough & Marar were not qualified petitioners; thus, Cunningham was unqualified to file a petition under section 303(b) of the bankruptcy code. She also argued that the petition was filed in bad faith because Cunningham knew or should have known that she had more than twelve creditors. She relied on (1) her February 8 deposition, alleging that it set forth twelve creditors, and (2) her answer of February 28, which alleges 21 creditors. Cunningham filed an opposition to the motion to dismiss, a cross-motion for Entry of Order for Relief, and evidentiary objections to Rothery’s declaration.
 

 The court found that the Ayscough firm was not a valid creditor but that Cunningham was qualified to file the petition nevertheless, since, “as of this date, there is no evidence before this Court that Ms. Rothery does have 12 or more undisputed creditors. She has merely made unsubstantiated assertions that she does — without so much as including the dates the debts were allegedly incurred— have more than 12 debtors.” At hearing on July 23, 1996, the bankruptcy court granted summary judgment to Cunningham and entered an Order for Relief.
 

 Rothery appealed to the Ninth Circuit Bankruptcy Appellate Panel, which reversed the bankruptcy court. The BAP held that conversion of Rothery’s motion to dismiss into a motion for summary judgement was proper, but the granting of partial summary judgement
 
 against
 
 her on the issue of whether she had twelve creditors was improper.
 

 Cunningham appealed. We reverse the BAP.
 

 DISCUSSION
 

 The bankruptcy court’s power to grant summary judgment in lieu of holding a trial is consistent with Bankr.R. 1013:
 

 [t]he court shall determine issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate order.
 

 The filing of an involuntary case requires the petitioning creditor to meet the burden of proof on the main elements of § 303. Pre-hearing discovery is available to the creditors.
 
 See
 
 Bankr.R. 1018, 7026, 7028-7037.
 

 Rothery filed both an answer to Cunningham’s petition and a motion to dismiss. In these she averred that she had at least twelve creditors on the day the petition was filed. Contrary to the strictures of Bankruptcy Rule 1011 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requires the court to consider in a motion for dismissal only the matters in the pleadings, Rothery attached numerous documents to her motion to dismiss, including declarations. Cunningham responded with a joint [1] opposition to her motion to dismiss and [2] motion for an order of relief, to which he attached
 
 *549
 
 over 200 pages of evidence, including declarations.
 

 Rule 12(b)(6) permits the consideration of matters outside the pleadings if the motion for dismissal is converted into a motion for summary judgement.
 
 See'
 
 Fed. R.Civ.P. 12(b)(6). There is no notice requirement for the conversion, but the court must give the parties a reasonable opportunity to present material that would be pertinent under the summary judgement motion.
 
 See
 
 Rule 12(b) (“and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56”);
 
 see also Mack v. South Bay Beer Distributors, Inc., 798
 
 F.2d 1279, 1282 (9th Cir.1986);
 
 Portland Retail Druggists Ass’n v. Kaiser Foundation Health Plan,
 
 662 F.2d 641, 645 (9th Cir.1981). Notice need not be explicit. It is adequate if the non-moving party is “fairly apprised” before the hearing that the court will look beyond the pleadings.
 
 Mayer v. Wedgewood Neighborhood Coalition,
 
 707 F.2d 1020, 1021 (9th Cir.1983). A party is “fairly appraised” that the court will in fact be deciding a summary judgement motion if that party submits matters outside the pleadings to the judge and invites consideration of.them.
 
 See Grove v. Mead School Dist. No. 354,
 
 753 F.2d 1528, 1533 (9th Cir.1985).
 

 We normally expect a court to give the losing party 10 days notice and an opportunity to present new evidence before converting a motion to dismiss into a motion for summary judgment and granting relief to the non-moving party. Fed.R.Civ.P. 56(c);
 
 see,
 
 e.g.,
 
 United States v. Grayson, 879
 
 F.2d 620, 625 (9th Cir.1989). Further, if a motion for summary judgment is based on reason “A” and responded to with a counter-motion for summary judgment on grounds “A”, “B”,
 
 and
 
 “C”, the court may not grant summary judgment against the original movant on grounds “B” or “C” without giving that party notice and opportunity to be heard. Fed. R.Civ.P. 56(c).
 

 Nevertheless, a court may grant summary judgment without notice if the losing party has had a “full and fair opportunity to ventilate the issues involved in the motion.”
 
 See In re Harris Pine Mills,
 
 44 F.3d 1431, 1439 (9th Cir.1995);
 
 Grayson,
 
 879 F.2d at 625;
 
 Waterbury v. T.G. & Y. Stores Company,
 
 820 F.2d 1479, 1480 (9th Cir.1987);
 
 Cool Fuel v. Connett,
 
 685 F.2d 309, 311 (9th Cir.1982).
 

 The question becomes whether Rothery can be said to have had a full and fair opportunity to ventilate the issues involved in the motion. The single issue was the number of creditors. Rothery submitted numerous pages of evidence relating to the number of creditors she had, including declarations and evidentiary objections. Also relevant to whether she had opportunity to “ventilate all issues involved” is her opposition to Cunningham’s motion for summary judgment. As the bankruptcy court observed,
 

 this Court, based on my findings of fact and conclusions of law at the May 22 hearing, held that:
 

 the only remaining issue to be tried at the trial is whether the alleged debtor is generally not paying her debts which are not the subject of bona fide dispute as they come due.
 

 Notwithstanding ... the alleged debtor [Rothery] has devoted virtually all her argument in opposition to this present motion for summary judgment, which motion is based upon the generally not paying her debts as they come due requirement, to rearguing this Court’s ruling on May the 22nd. But Ms. Rothery’s opposition cannot be construed to be a motion for reconsideration, and indeed, even if it were,
 
 it raises no new grounds in support of the alleged debtor’s arguments previously made ...
 

 (emphasis added).
 

 We agree. The Bankruptcy Court defined the deficiency and invited Rothery to support her bare allegation of more than twelve creditors. She declined, arguing that the burden was on Cunningham. She was mistaken and that the mistake is fatal to her argument on appeal. It was not error to grant summary judgment
 
 sua sponte.
 
 The party opposing summary judgment may not do so based on “mere allegations”.
 
 See Anderson v. Liberty Lobby, Inc.,
 
 477 U.S.
 
 *550
 
 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1988).
 

 The BAP’s decision reversing partial summary judgment on the number-of-creditors-issue, is reversed. The bankruptcy court’s order of relief is reinstated.
 

 We do not reach the
 
 7H Land & Cattle
 
 issue discussed by the BAP.
 

 REVERSED.