*In re* RaeJean **BONHAM, aka Jean Bonham, aka Jeannie Bonham, dba World Plus; World Plus, Inc., an Alaska corporation; and Atlantic Pacific Funding Corp., a Nevada corporation, Debtor(s).**

*In re* **Bonham Recovery Actions, a proceeding to jointly administer certain pre-trial issues in numerous related adversary proceedings.**

**Bankruptcy Nos. F95–00897– HAR, 96–4281.**
**Adversary No. F95–00897–168–HAR.**

United States Bankruptcy Court,
D. Alaska.

Jan. 13, 1999.

RaeJean Bonham, Fairbanks, AK, debtor pro se.

Cabot Christianson, Bundy & Christianson, Anchorage, AK, for trustee.

Brad Ambarian, Lane Powell Spears Lubersky, Anchorage, AK, for various adversary defendants.

Ronald Goss, Shulkin Hutton, Inc., Seattle, WA, for various adversary defendants.

William Satterberg, Jr., Fairbanks, AK, for various adversary defendants.

Michael A. MacDonald, Downes, MacDonald & Levengood PC, Fairbanks, AK, for various adversary defendants.

David G. Parry, Birch, Horton, Bittner & Cherot, Fairbanks, AK, for Joint Defense Committee.

Rebecca Copeland, Koval & Featherly, Anchorage, AK, for Joint Defense Committee.

M. Gregory Oczkus, Anchorage, AK, for various adversary defendants.

Mark R. Davis, Davis & Davis, P.C., Anchorage, AK, for various adversary defendants.

George E. Goerig, Goerig & Associates, Anchorage, AK, for various adversary defendants.

Christopher E. Zimmerman, McConahy, Zimmerman & Wallace, Fairbanks, AK, for various adversary defendants.

Gary C. Sleeper, Jermain Dunnagan & Owens, Anchorage, AK, for various adversary defendants.

Barbara L. Schuhmann, Cook Schuhmann & Groseclose, Inc., Fairbanks, AK, for various adversary defendants.

Julian C. Rice, Fairbanks, AK, for various adversary defendants.

James S. Magoffin, Jr., Fairbanks, AK, for various adversary defendants.

Mark S. Bledsoe, Anchorage, AK, for various adversary defendants.

William D. Artus, Artus & Choquette, Anchorage, AK, for various adversary defendants.

Michael R. Mills, Bankston & McCollum, Anchorage, AK, for various adversary defendants.

Jerrold Wanek, Des Moines, IA, for various adversary defendants.

James & Nikki Richardson, pro se adversary defendants.

Frank Fiala, pro se adversary defendant.

George & Ethel Hicks, pro se adversary defendants.

Milton Isaacson, pro se adversary defendant.

Roger Clemons/Kay Shaddox, pro se adversary defendants.

Dorothy Rehbein, pro se adversary defendant.

David Hendren, pro se adversary defendant.

Michael & Sally Berkey, pro se adversary defendants.

Richard Deuser, pro se adversary defendant.

Larry D. Compton, trustee.

## MEMORANDUM DECISION GRANTING MOTION TO DISMISS (TREATED AS A SUMMARY JUDGMENT MOTION) CLAIM FOR DOUBLE DAMAGES UNDER AS 45.45.030

HERBERT A. ROSS, Bankruptcy Judge.

| Index | Page |
|---|---|

1. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 440
2. FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . 440
3. ISSUES ADDRESSED AND NOT ADDRESSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 441
4. LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 441
4.1. The Alaska Usury Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 441
4.2. The Trustee's Rights to Enforce a Usury Claim Based on the Investment Contract is Subject to the Defenses Against the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 442
4.3. The Trustee Is Barred by AS 45.55.930(g) From Recovering Double Interest Under AS 45.45.030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 442
4.4. It is Proper to Grant Summary Judgment Against the Trustee on a Motion to Dismiss Without Prior Notice of Intent to Treat as Summary Judgment Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 443
5. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 444
TABLE OF USURY BRIEFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 444

1. *INTRODUCTION* —The trustee sued investors to recover double the usurious interest paid on investment contracts through debtors' Ponzi scheme. Is recovery barred because the debtors violated state securities laws when issuing the investment contracts? The trustee stands in the debtors' shoes, and AS 45.55.930(g) prevents the trustee from recovering for usury claims based on investment contracts issued in violation of the Alaska securities laws.

2. *FACTUAL AND PROCEDURAL BACKGROUND* —The debtors engaged in a Ponzi scheme which led to their bankruptcy. They lured investors into investing money on the promise of exorbitant profits. The profit varied, but was beyond the usury limits of AS 45.45.010(b) for loans which were not greater than $25,000.

The trustee has filed about 660 adversary proceedings to recover transfers which he claimed were fraudulent or preferential. The *Bonham Recovery Actions* (the *BRA* ) is the lead proceeding for addressing global issues.

The trustee included in many of the complaints a count to recover double the amount of usurious interest under Alaska law on those contracts which were not greater than the $25,000 limit, pursuant to AS 45.45.010(b). A typical allegation in the adversary proceedings in which the trustee seeks to recover double damages is:

### USURY CAUSE OF ACTION
### [AS 45.45.030]

34. Portions of Debtor's checks to Defendants represented repayment of principal and interest on Defendants' loans to Debtor, as detailed in the second column in paragraph 1 hereof.

35. The checks ("the Usury Checks") in rows that contain entries in the Usury penalty column in paragraph 1 of this complaint represent repayments on loans that were equal to or less than $25,000.

36. With respect to each Usury Check, Debtor paid the principal amount due on each contract, such payment being either in the form of payment or rollover or both.

37. The interest component of the Usury Checks was in excess of five percentage points above the annual rate charged member banks for advances by the 12th Federal Reserve District on the day on which the contract or loan commitment was made.

38. On authority of AS 45.45.030, Plaintiff is entitled to a recovery equal to two times the Usury Checks, as detailed in paragraph 1 of this complaint.[1]

The trustee also alleges that the debtors operated a Ponzi scheme since at least 1993,[2] but he did not explicitly plead that the debtors violated the state securities laws. The trustee has, however, in other proceedings in the bankruptcy case alleged that the debtors violated the state securities laws from at least 1993, which is within the 2–year statute of limitation on usury recovery before the petition date on December 19, 1995. The court has adopted the trustee's proposed finding that outlines the debtors' violation of the Alaska securities laws in ruling on the trustee's motion for substantive consolidation of the debtors' estates.[3] The original hearing on the consolidation motion was held concurrent with the motion to dismiss the usury counts.

A number of defendants have moved to dismiss the double-damage usury count on various grounds under FRCP 12(b)(6)[4] for failure to state a claim for which relief can be granted. Attached to this memorandum is a table of the various memoranda on the issue. This may not be complete because the issue may have been discussed in various other pleadings in the individual adversary proceedings, but the table contains the briefs which have raised all the arguments pro and con on the double-damage issue.

3. *ISSUES ADDRESSED AND NOT ADDRESSED* —The determinative issue is whether the trustee may bring a claim for double-damages under AS 45.45.030 for usurious interest paid on an investment contract issued in breach of the state securities laws, in light of AS 45.55.930(g), which limits one who makes or performs a contract in violation of the securities laws from basing a suit on the contract.

Since that issue decides the matter, I will not address the other issues raised by the *BRA* defendants, which include: (a) whether the trustee is estopped from bringing a usury claim because it was personal to the debtors, (b) whether the investment contracts were loans covered by AS 45.45.010, *et seq*, (c) the proper application of payments between principal and interest, (d) how to determine whether a loan was less than $25,000 when many loans were rolled, etc.

4. *LEGAL ANALYSIS* —

4.1. *The Alaska Usury Statutes* —The trustee bases his claim to recover double the usurious interest paid by debtors on AS 45.45.030. This section provides:

Sec. 45.45.030 *Action for recovery of double amount of usurious interest paid.*

If interest greater than that prescribed in AS 45.45.010 and 45.45.020 is received or collected, the person paying it may, by action brought within two years after the payment, recover from the person receiving the payment double the amount of the interest received or collected.

The basic provisions defining the legal rate of interest are found in AS 45.45.010, which provide:

Sec. 45.45.010 *Legal rate of interest.*

(a) The rate of interest in the state is 10.5 percent a year and no more on money after it is due except as provided in (b) of this section.

(b) Interest may not be charged by express agreement of the parties in a con-

---

1. *Amended Complaint,* Docket Entry 31, filed August 20, 1998, *Larry D. Compton, Trustee v. L. Todd Vandenberg and Penny L. Vandenberg,* Adv. No. F95–00897–579–HAR (BANCAP 97–4376).

2. *Id.,* at ¶ 7.

3. *In re Bonham,* 226 B.R. 56, 69–71 (Bankr. D.AK.1998).

4. FRCP 12(b), incorporated by FRBP 7012(b).

tract or loan commitment that is more than five percentage points above the annual rate charged member banks for advances by the 12th Federal Reserve District on the day on which the contract or loan commitment is made. A contract or loan commitment in which the principal amount exceeds $25,000 is exempt from the limitation of this subsection.

■ A person may not lawfully charge a higher rate of interest than that prescribed in the statutes on interest.[5]

■ 4.2. *The Trustee's Rights to Enforce a Usury Claim Based on the Investment Contract is Subject to the Defenses Against the Debtor*—A bankruptcy trustee has long been able to assert a right to a usury claim which belonged to a debtor.[6] The trustee, however, takes the property of the estate under 11 U.S.C. § 541(a) subject to any encumbrances or blemishes that existed against the debtor.[7] So, for example, an otherwise valid claim by a trustee to recover usurious interest paid by a debtor is not enforceable if the statute of limitations has run.[8]

■ In the bankruptcy vernacular, the trustee "stands in the shoes of the debtor."[9] The bankruptcy court in *In re Sunde*,[10] a case in which the trustee sought to enforce a claim under the Minnesota usury laws, said:

The Plaintiff [trustee], of course, holds the cause of action in this proceeding as a successor-in-interest to the Debtors; their right of action under the Minnesota usury laws passed into their bankruptcy estate by operation of 11 U.S.C. § 541(a)(1). They did not claim it as exempt, so it is subject to the Plaintiff's administration. In the Plaintiff's hands, however, the right of action is subject to all of the same defenses, counterclaims, and legal infirmities to which it was subject in the hands of the Debtors. [citations and footnote omitted]

In pursuing his claim to double-damages under a usury theory, the trustee is invested with none of the rights of a hypothetical creditor under 11 U.S.C. § 544(a)(1, 2) or a bona fide purchaser of real estate under § 544(a)(3), the trustee's so-called "strong arm powers."[11] His rights to recover under his usury theory are, however, more akin to the rights the debtors would have enjoyed had there been no bankruptcy, as distinguished from their rights under the bankruptcy avoiding powers.[12]

So, if Alaska law would have barred the debtors from bringing the double-damage usury suit, it bars the trustee in the *BRA* adversaries, too. There is such a bar.

■ 4.3. *The Trustee Is Barred by AS 45.55.930(g) From Recovering Double Interest Under AS 45.45.030*—It is indisputable that the debtors issued securities in violation of state law.[13] The state securities laws provide that a person who makes a contract in violation of the Alaska Securities Act of 1959[14] may not base a suit on the contract:

A person who makes or engages in the performance of a contract in violation of a provision of this chapter or regulation or order under this chapter, or who acquires

---

5. AS 45.45.020, limiting interest as prescribed in the chapter on interest found at AS 45.45.010–.070.

6. *McCollum v. Hamilton National Bank of Chattanooga*, 303 U.S. 245, 58 S.Ct. 568, 570, 82 L.Ed. 819 (1938).

7. *Calvert v Bongards Creameries (In re Schauer)*, 835 F.2d 1222, 1225 (8th Cir.1987); *In re Mantle*, 153 F.3d 1082, 1084 (9th Cir.1998); *In re Baquet*, 61 B.R. 495, 497–98 (Bankr.D.Mont. 1986).

8. *Boyajian v. DeFusco (In re Giorgio)*, 862 F.2d 933, 936–37 (1st Cir.1988).

9. *See, e.g., Sender v Buchanan (In re Hedged–Investments Associates, Inc.)*, 84 F.3d 1281, 1284 (10th Cir.1996).

10. *Dietz v. Phipps (In re Sunde)*, 149 B.R. 552, 556–57 (Bankr.D.MN.1992).

11. *Collier on Bankruptcy*, ¶ 544.02 (15th Ed Supp 1998).

12. *Sender v. Simon*, 84 F.3d 1299, 1303 (10th Cir.1996); *Waslow v. Grant Thornton, L.L.P. (In re Jack Greenberg, Inc.)*, 212 B.R. 76, 82 (Bankr. E.D.Pa.1997).

13. AS 45.55.070–.120

14. AS 45.55.010–995.

a purported right under the contract with knowledge of the facts by reason of which its making or 15 performance is in violation, may not base a suit on the contract.[15]

There is one Alaska case interpreting this section to bar an action by a party that violated the Alaska securities laws,[16] and a number of cases enforcing similar state securities laws.[17]

The AS 45.55.930(g) defense to the trustee's usury claim was concisely raised in a *BRA* defendants' motion to dismiss.[18] The defense noted that the trustee, in his motion for substantive consolidation, argued that debtors had committed securities fraud under the Alaska securities laws.

In response to this defense, the trustee argues: "... the recovery for usury has nothing to do with the Alaska Securities Act. The Trustee is not trying to enforce the investment contracts against the investors. Indeed, enforcing the contracts would prevent the Trustee from any recoveries, as nearly all payments which were made were required by the contracts between the debtor and the recipient investors." [19]

The trustee's logic is strained. The usury claims are suits based on the contracts. They refer to the specific contractual terms regarding interest paid on each of the contracts involved. The suits are based on the contract.

On the other hand, the trustee's actions under 11 U.S.C. §§ 544(b), 547, and 548 are based on his avoidance powers, and seek to recover payments made to the investors because they were within a preference period or fraudulent. Although the investment contracts are part of the facts involved in these avoidance actions, the gravamen of the avoidance actions are not to enforce a right deriving out of the contracts. Rather, the trustee is enforcing rights to recover property vested in him under specific bankruptcy code sections to accomplish a fundamental principle of bankruptcy, equality of distribution.

The trustee has, throughout this bankruptcy case, often alluded to the fact that the contracts were issued in violation of the state securities laws. The court adopted findings to that effect in the proceeding involving substantive consolidation of the debtors.[20]

The trustee cannot maintain an action for a double recovery of any usurious interest payments because the debtors could not.

*4.4. It is Proper to Grant Summary Judgment Against the Trustee on a Motion to Dismiss Without Prior Notice of Intent to Treat as Summary Judgment Motion*—The *BRA* defendants challenged the claim for double usury damages by a motion to dismiss.[21]

When a court considers matters outside the pleadings in a motion to dismiss, the matter becomes a summary judgment proceeding.[22] The court can also propose to grant summary judgment on its own motion, but normally would be required to give prior notice and an opportunity for a party to defend against such a ruling.[23]

The principle fact issue inserted by the court to make this ruling is the debtors' violation of the securities laws. The trustee has espoused that fact in this case on many occasions, so additional notice is superfluous. The 9th Circuit, in *In re Rothery*, held that

---

15. AS 45.55.930(g).

16. *Darnall Kemna & Co., Inc. v. Leslie Heppinstall*, 851 P.2d 73, 78 fn. 7 (Alaska 1993).

17. *Eg., Cellular Engineering, Ltd. v. O'Neill*, 118 Wash.2d 16, 820 P.2d 941, 950–51 (Wash.1991); *Connecticut National Bank v. Giacomi*, 242 Conn. 17, 699 A.2d 101, 127 (Conn.1997); *Criticare Systems v. Sentek, Inc.*, 159 Wis.2d 639, 465 N.W.2d 216, 220 (Wis.App.1990); *and, see,* Uniform Securities Act of 1956, § 410(f).

18. *Defendants' Motion to Dismiss Complaint for Failure to State a Claim*, at pages 21–22, Docket Entry 94, filed March 21, 1997.

19. *Consolidated Opposition to Defendant's Motion to Dismiss for Failure to State a Cause of Action*, at pages 29–30, Docket Entry 148, filed April 21, 1997.

20. *See,* footnote 3.

21. FRCP 12(b), incorporated by FRBP 7012(b).

22. FRCP 12(b)(6); *Cunningham v. Rothery (In re Rothery)*, 143 F.3d 546, 548 (9th Cir.1998).

23. *Id.*

there is no prior notice requirement when it is a bankruptcy judge's intention to turn an FRCP 12(b) motion to dismiss into an FRCP 56 summary judgment, but normally the court must give a reasonable opportunity for the parties to present materials that would pertain to the summary judgment motion. The court said such notice is unnecessary if the parties are fairly apprized before the hearing that the court would look beyond the record.[24]

While the present case does not precisely fit the *Rothery* mold, the additional information about state securities laws violations is a narrow additional factual element to the pleadings themselves, the pleadings them- selves discuss a Ponzi scheme and presage such a violation, and the trustee has trumpet- ed such a violation throughout the case.

Additional notice of the intent to turn the FRCP 12(b) motion as it relates to the usury damages count of the *BRA* complaints is unnecessary.

5. *CONCLUSION* —The usury counts in the individual *BRA* adversary proceedings will be dismissed by a global order in the *BRA* lead adversary.[25] The court will defer entering the order (or report and recommen- dation if the reference is withdrawn) pending ruling on the balance of the issues in the motions to dismiss.

### BONHAM RECOVERY ACTIONS, F95-00897-168-HAR (96-4281)
### TABLE OF USURY BRIEFS

| DE # | DATE FILED | TITLE OF PLEADING | FILED BY |
|---|---|---|---|
| 92 | 03/17/97 | Defendant's Demand for Jury Trial in District Court and Motion to Withdraw the Reference [Original duplicate filed at DE#6 in Compton v. Gerard Uphues, aka Gary Uphues, Donna Uphues, and Salcha Marine, Inc., Adv-161 (96-4274)] | Goss, Ron for Δ Uphues |
| 94 | 03/21/97 | Defendants' Motion to Dismiss Complaint for Failure to State a Claim [Original duplicate motion filed at DE#7 in Compton v. Gerard Uphues, aka Gary Uphues, Donna Uphues and Salcha Marine, Inc., Adv-161 (96-4274)] | Davis, Mark for Δ Uphues |
| 136 | 03/03/97 | Motion for Partial Summary Judgment to Dismiss Usury Count [Original motion filed at DE#8 in Compton v. Richard Deuser, Adv-142 (96-4255)] | Deuser, Richard, *Pro Se* Δ |
| 142 | 03/19/97 | Supplemental Brief in Support of Pending Summary Judgment Motions on Section 548 Count, Fraudulent Conveyance, and Usury [Original Supplemental Brief filed at DE#14 in Compton v. Deuser, Adv-142 (96-4255)] | Deuser, Richard, *Pro Se* Δ |
| 148 | 04/21/97 | Consolidated Opposition to Defendant's Motion to Dismiss for Failure to State a Cause of Action | Christianson, Cabot for Trustee |
| 180 | 05/07/97 | Reply Memorandum in Support of Motion for Partial Summary Judgment to Dismiss Usury Count | Deuser, Richard, *Pro Se* Δ |
| 184 | 05/09/97 | Reply to Trustee's Consolidated Opposition to Defendants' Motion to Dismiss for Failure to State a Cause of Action | Ambarian, Brad Goss, Ron Parry, Dave for Δs |
| 207 | 06/06/97 | Supplemental Opposition to Defendant's Motion to Dismiss for Failure to State a Cause of Action: Re: Equitable Estoppel to Assert Usury Claims | Christianson, Cabot for Trustee |
| 215 | 05/06/97 | Reply to Trustee's Supplemental Opposition to Motion to Dismiss Re: Usury Claims | Burns, John Parry, Dave for Δs |

24. *Id.*

25. Adv. No. F95-00897-168-HAR (Bancap 96-4182).