**MURRAY COMPANY, Plaintiff–Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

No. 99–55593.

D.C. No. CV–98–09394–CM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2000.

Decided March 19, 2001.

Before O'SCANNLAIN, FERNANDEZ and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Murray Company appeals the district court's partial summary judgment in favor of Liberty Mutual Insurance Company ("Liberty") with respect to Murray's breach of contract claim. Because we agree with the district court's finding that the commercial insurance policy did not provide coverage for Murray's claims, we affirm.

### I.

As an initial matter, Appellant's assertion that the district court erred in treating Liberty's motion to dismiss as a motion for partial summary judgment is without merit. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may convert a motion to dismiss into a motion for summary judgment. FED. R. CIV. P. 12(b)(6); *see also In re Rothery*, 143 F.3d 546, 549 (9th Cir.1998). Moreover, a court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*must* treat a motion to dismiss as a motion for summary judgment if matters outside the pleadings are submitted by the parties and considered by the court. *See San Pedro Hotel Co., Inc. v. City of Los Angeles,* 159 F.3d 470, 477 (9th Cir.1998) (emphasis added).

■ Here, the court considered declarations in support of their respective positions filed by both parties. Murray, therefore, was on notice that the motion to dismiss was subject to conversion, and the district court did not err in converting the motion into one for summary judgment. *See Rothery,* 143 F.3d at 549 (a party is fairly apprised that the court will be deciding a motion for summary judgment if that party submitted matter outside the pleadings and the court considers them).

■ We review a district court's grant of partial summary judgment *de novo. Adair v. City of Kirkland,* 185 F.3d 1055, 1059 (9th Cir.1999); *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994) ("An appellate court's review is governed by the same standard used by trial courts under Federal Rules of Civil Procedure 56(c)."). We also review a trial court's interpretation of a insurance contract *de novo. See Stanford Ranch Inc. v. Maryland Cas. Co.,* 89 F.3d 618, 624 (9th Cir.1996).

Partial summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine is-

sues of material fact and whether the district court correctly applied the relevant substantive law. *See Lopez,* 203 F.3d at 1131. All justifiable inferences must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## II.

■ Provision I(A)(2)(*l*) of the insurance policy excludes coverage for " 'property damage' to 'your work' arising out of it or any part of it and included in the 'products completed operations hazard.' " "Property Damage" is defined in the policy as "[p]hysical injury to tangible property, including all resulting loss of use of that property." "Your work" is defined as, *inter alia,* "work or operations performed by you or on your behalf." Thus, "property damage" to "your work" is defined as physical injury to tangible property arising out of Murray's work or operations performed by Murray."

As the trial court correctly noted,

Plaintiff expressly state[d] in its complaint that, during the repair for the flange in the tank, a spark ignited the propane gas causing an explosion resulting in damage to the work area and to the tank itself." Plaintiff's work in repairing the flange falls squarely within the policy definition of "your work."

CR 15, p. 18.[1] Moreover, Murray conceded that the repair was included in the products completed operations hazard. Because the insurance policy excluded coverage under these circumstances, no material issue of fact existed regarding coverage.

## III.

After reviewing the terms of the commercial insurance policy *de novo,* we hold

---

1. "CR" refers to documents filed with the district court, followed by the docket number.

that the district court did not err in dismissing the claim for breach of the covenant of good faith and fair dealing. *See Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 639 (1995). Similarly, the district court did not err in denying petitioner's negligence claim as there was no duty to perform under the contract. *See North Am. Chem. Co. v. Trans Harbor, Inc.*, 59 Cal.App.4th 764, 774, 69 Cal.Rptr.2d 466 (1997) (holding breach of contractual duty may support tort claim).

Since this appeal can be resolved through application of the "your work" exclusion, we decline to consider the other exclusions, which also arguably preclude coverage.

AFFIRMED.