Clyde L. NELSON, Jose A. Barbas; Marcelino Louis Campa; Robert Cortez; Rudy M. Espaza; Willie Hamilton; Anthony Scalese, Jr.; Alvin D. Silva; Fernando Silva; Curtis L. Stredic; Steve Vallerga; Harold Atchison Young, Plaintiffs—Appellants,

v.

WASTE MANAGEMENT OF ALAMEDA COUNTY, INC., and Does 1–20 inclusive, Defendant—Appellee.

No. 00–16361.
D.C. No. CV–99–00120–SI/JL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2002.

Decided March 4, 2002.

Before D,W, NELSON and HAWKINS, Circuit Judges, and FITZGERALD,* District Judge.

* Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alas-

ka, sitting by designation.

## MEMORANDUM **

■ The district court did not err in applying the two-year statute of limitations to the employees' claim for unpaid overtime prior to November 16, 1995 ("Period I"). Even though the statute of limitations defense was not raised in Waste Management's original motion for summary judgment, it was raised in the original answer to the complaint and in Waste Management's reply/opposition to the employees' counter-motion for summary judgment. Moreover, the parties had an opportunity to address the statute of limitations issue at the hearing on the summary judgment motions. Accordingly, the parties had a "full and fair opportunity to ventilate the issues involved," *In re Rothery*, 143 F.3d 546, 549 (9th Cir.1998), and it was not error for the district court to rule upon the issue.

■ The district court also correctly concluded that the two-year statute of limitations applied. Violations of the FLSA are ordinarily subject to only a two-year statute of limitations, and the party claiming an exception to the normal period bears the burden of showing the violation was willful in order to trigger the extended three-year period. 29 U.S.C. § 255(a). Mere negligence by the employer in determining its legal obligation is not sufficient; there must be evidence that the employer affirmatively knew it was violating the FLSA or that it was acting with "reckless disregard" of the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 135 n. 13, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). The district court correctly concluded that the employees did not raise a genuine issue regarding the willfulness of Waste Management's actions during Period I.

■ Finally, the district court correctly concluded that the FLSA does not require the employer to compensate employees for an additional half hour for times that the employees did not receive a duty-free meal period. The FLSA requires that both hours worked and meal periods treated as hours worked be included in wage and overtime calculations. 29 C.F.R. § 778.320(a). It is undisputed that Waste Management did pay the employees for the meal period (whether duty-free or not) and included that half-hour in the total hours worked. Accordingly, there is no violation of FLSA requirements. Even if the collective bargaining agreement ("CBA") requires that the employees receive a duty-free paid half-hour lunch break, the FLSA does not. The employees, who are barred from bringing a claim for breach of the CBA, cannot convert their contractual claim into a claim under the FLSA.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.