Kenneth TABOH, Plaintiff–Appellant,

v.

The **TIMES MIRROR COMPANY; Times Mirror Interzines; Time Inc.; AOL/Time Warner Inc.; Times Mirror Magazines, Inc.,** Defendants–Appellees.

No. 02–56072.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 20, 2003.

---

Robert B. Coffin, Esq., San Diego, CA, for Plaintiff–Appellant.

Robert C. Vanderet, Esq., Craig W. Smith, Esq., Kerry Lyon–Grossman, Esq., O'Melveny & Myers, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Kenneth Taboh appeals the district court's grant of judgment on the pleadings against him in his action against Times Mirror Co., and others.[1] *See* Fed.R.Civ.P. 12(c). We reverse and remand.

Taboh first asserts that the district court considered matters outside the pleadings, which meant that, in fact, the motion should have been treated as a summary judgment motion. He is correct. *See id.; Swedberg v. Marotzke,* 339 F.3d 1139, 1146 (9th Cir.2003); *Cunningham v. Rothery (In re Rothery),* 143 F.3d 546, 549 (9th Cir.1998); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1990). To some extent, the district court treated this as a summary judgment motion without having given the generally required explicit notice, as it should have done.[2] More importantly, the district court declared that it was treating this as a 12(c) motion and in so doing, it relied on Taboh's guilty plea agreement,[3] but then it put significant weight on its belief that Taboh's admissions in his guilty plea agreement at the time of his criminal prosecution were conclusive. In that, it erred. California law treats such admissions as evidentiary only. *See Teitelbaum Furs, Inc. v. Dominion Ins. Co.,* 58 Cal.2d 601, 605–06, 375 P.2d 439, 441, 25 Cal.Rptr. 559, 561 (1962); *see also Coscia v. McKenna & Cuneo,* 25 Cal.4th 1194, 1204, 25 P.3d 670, 676, 108 Cal.Rptr.2d 471, 478 (2001); *Rusheen v. Drews,* 99 Cal.App.4th 279, 284, 120 Cal. Rptr.2d 769, 772–73 (2002). That error made the procedural miasma surrounding the district court's decision of this case more inspissate. Thus, we must reverse

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Taboh originally sued the Times Mirror Company, Times Mirror Magazines (now known as Time4Media, Inc.), Time Mirror Interzines, Time Inc., and AOL/Time Warner, Inc. Unless otherwise noted, the defendants will be referred to as "Time."

2. We recognize that when both of the parties submit additional evidence, explicit notice may not be required, if the district court decides to treat the case as one for summary judgment. *See Cunningham,* 143 F.3d at 549; *Grove v. Mead Sch. Dist. No. 354,* 753 F.2d 1528, 1532–33 (9th Cir.1985). Here, however, Taboh submitted added information for more limited purposes.

3. That was proper. *See Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir.1998) (district court may consider a document upon which the pleading necessarily relies, and whose authenticity is not in doubt).

and remand for further proceedings, especially because the district court indicated that it was still treating the motion as one for judgment on the pleadings. *See Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986); *Costen v. Pauline's Sportswear, Inc.,* 391 F.2d 81, 85–86 (9th Cir.1968); *Erlich v. Glasner,* 374 F.2d 681, 683 (9th Cir.1967).

REVERSED and REMANDED.[4]

---

4. The district court also dismissed Taboh's RICO claim. Because he did not raise the issue in his opening brief, our disposition does not affect that dismissal. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).