**GARY S. CHRISTENSEN, MD PC, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

No. 05–15547.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2007.*

Filed April 5, 2007.

George E. Harp, Esq., Shreveport, LA, for Plaintiff-Appellant.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

John B. Snyder, III, Esq., John Schumann Fax, U.S. Department of Justice Tax Division, Washington, DC, Paul K. Charlton, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: WALLACE, D.W. NELSON, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Gary S. Christensen, M.D. P.C. ("Christensen"), an Arizona corporation, filed suit alleging that the Internal Revenue Service failed to provide it due process prior to determining that Christensen owed the United States for unpaid income taxes. The government filed a motion for summary judgment and, in the alternative, a motion to dismiss Christensen's complaint. After Christensen failed to oppose either motion, the district court granted summary judgment and denied the government's motion to dismiss as moot. Christensen moved the district court to reconsider its summary judgment order, and the court denied the motion. Christensen appeals from the summary judgment and the denial of its motion for reconsideration. We affirm.

■ As a preliminary matter, we do not have jurisdiction to review the district court's underlying summary judgment order. Under Federal Rule of Appellate Procedure 4(a)(1)(B), a notice of appeal from a case in which the United States is a party must be made within sixty days of the judgment being entered, unless the deadline is tolled by the timely filing of a post-judgment motion. Fed. R.App. P. 4(a)(4)(A).

Summary judgment was entered on December 14, 2004, but Christensen did not file its notice of appeal until March 28, 2005, well after the sixty-day window had closed. Moreover, Christensen's motion to reconsider did not toll the sixty-day clock because it was filed more than ten days after the judgment was entered. Fed. R.App. P. 4(a)(4)(A). We have recognized that "[a]n untimely motion for reconsideration does not suspend the time to appeal from the judgment." Fiester v. Turner, 783 F.2d 1474, 1475 (9th Cir.1986) (citing Fed. R.App. P. 4(a)(4)). Therefore, we do not have jurisdiction to review the district court's summary judgment order.

■ We do retain jurisdiction to review the district court's denial of Christensen's motion for reconsideration, but we find that the district court did not abuse its discretion in denying the motion. Smith v. Pac. Prop. & Dev. Corp., 358 F.3d 1097, 1100 (9th Cir.2004) (recognizing that we review decisions on motions to reconsider for abuse of discretion). Although Rule 56(c) contains a ten-day notice requirement, it requires only that the non-moving party be served with the motion papers ten days prior to a hearing or disposition on the motion.[1] The ten-day requirement is meant to ensure that the non-moving party has received "reasonable notice that the sufficiency of his or her claim will be in issue," and that the party has been afforded "adequate time to develop the facts on which the litigant will depend to oppose summary judgment." Portsmouth Square Inc. v. Shareholders Protective Committee,

---

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. Rule 56(c) states in pertinent part: "The [summary judgment] motion shall be served at least 10 days before the time fixing for the hearing."

770 F.2d 866, 869 (9th Cir.1985) (internal citations omitted); *see also In re Rothery*, 143 F.3d 546, 549 (9th Cir.1998) (stating that the requirement ensures the non-moving party is fairly apprised that the court will in fact be deciding a summary judgment motion).

Moreover, under the district court's local rules, Christensen was afforded "thirty days after service within which to serve and file a responsive memorandum in opposition," but it chose not to do so. U.S. Dist. Ct., D. Ariz., Rule 56.1(b). Christensen cannot blame the district court for Christensen's own failure in responding to the government's motion. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–67 (9th Cir.1986) (explaining that it is not the obligation of the district court to advise litigants what measures are necessary to oppose summary judgment motions). Furthermore, a non-moving party cannot rest upon its complaint to overcome a motion for summary judgment; rather, it must respond by setting forth specific facts "showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

The government filed and served its motion for summary judgment on October 25, 2004. After Christensen failed to respond, the district court granted the government's motion on December 14, finding no genuine issue as to any material fact. The seven weeks that passed between service and judgment afforded Christensen more than sufficient time to develop facts upon which to mount an opposition, as it had a "full and fair opportunity to ventilate the issues involved" in the summary judgment motion. *Rothery*, 143 F.3d at 549. Therefore, the district court did not abuse its discretion in denying Christensen's motion to reconsider.

**AFFIRMED.**

WALLACE, Circuit Judge, concurring in part and dissenting in part:

I agree that we do not have jurisdiction to review the district court's summary judgment. However, because I conclude that Christensen does not appeal from the district court's denial of the motion to reconsider, I would dismiss.

Christensen's notice of appeal states that he "appeals to the United States Court of Appeals for the Ninth Circuit from the Judgment entered on January 27, 2005." The date of judgment was December 13, 2004.

Arguably, there is some ambiguity because the district court denied Christensen's motion to reconsider on January 27, 2005. This ambiguity is resolved, however, by Christensen's opening brief. The brief states that we need only decide one issue: "[w]hether the District Court erred in granting the United State's [sic] unopposed motion for summary judgment." In addition, the brief requests as relief only that we reverse the district court's judgment. I am therefore satisfied that Christensen does not appeal from the district court's denial of the motion to reconsider.