MEMORANDUM *
A.S.A. Produce Company, Inc. (“ASA”) appeals the district court’s summary *590 judgment in favor of Everest National Insurance Company (“Everest”) in ASA’s diversity action seeking contractual and punitive damages for Everest’s alleged bad faith settlement of an ASA employee’s claim. Everest sold a Workers’ Compensation and Employers’ Liability Policy to ASA. A former ASA employee filed a workers’ compensation claim, and ASA requested that Everest defend and indemnify ASA with respect to the claim. The employee and Everest reached a settlement that ASA objected to several months later.
ASA brought claims alleging breach of contract and breach of the implied covenant of good faith and fear dealing, and both parties filed motions for summary judgment. We review de novo the summary judgment in favor of Everest. Valdez v. Rosenbaum, 302 F.3d 1039, 1043 (9th Cir.2002). We affirm.
ASA argues that summary judgment on the breach of contract claim was in error because Everest failed to challenge that claim in its motions. Everest’s Notice of Motion and Motion for Summary Judgment expressly notified ASA that Everest was moving for summary judgment on “each cause of action set forth in plaintiffs complaint,” including the contract claim, because “there are no triable issues of material fact.” Thus, ASA had a “full and fair opportunity to ventilate the issues involved.” Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 549 (9th Cir.1998).
“[W]hen parties submit cross-motions for summary judgment, ‘[e]ach motion must be considered on its own merits.’” Fair Hous. Council of Riverside County, Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir.2001) (quoting William W. Schwar-zer, et al., The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb.1992)). A district court “must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them.” Id. at 1134. Although the focus of Everest’s argument was the bad faith claim, Everest’s motion and memoranda informed the district court of the relevant contract language, the investigation, the settlement process, and why “Everest acted within its rights under the policy.” ASA’s cross-motion for summary judgment also provided the court with undisputed material facts highlighting the absence of a breach. In this context, summary judgment on the contract claim was appropriate.
In California, where there is a “genuine dispute” between an insurer and its insured “as to the existence of coverage liability or the amount of the insured’s coverage claim,” the insurer “is not liable in bad faith even though it might be liable for breach of contract.” Wilson v. 21st Century Ins. Co., 42 Cal.4th 713, 723, 68 Cal.Rptr.3d 746, 171 P.3d 1082 (Cal.2007) (quoting Chateau Chamberay Homeowners Ass’n v. Associated Int’l Ins. Co., 90 Cal.App.4th 335, 347, 108 Cal.Rptr.2d 776 (2001)). “The genuine issue rule in the context of bad faith claims allows a [trial] court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer’s denial of benefits was reasonable....” Id. at 724, 68 Cal.Rptr.3d 746 (quoting Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1161 (9th Cir.2002)). Here, ASA argues that there was no “genuine dispute” over the merits of the employee’s claim because several doctors reported that there was no evidence that the employee was injured as a result of his employment at ASA. Howev *591 er, three other physicians reported that the employee was in fact disabled due to his work. In addition, an MRI confirmed that the employee had a back injury, and an attorney determined that the employee would make a good witness. These facts support the existence of a “genuine dispute” and thus the reasonableness of Everest’s decision to seek a settlement.
Finally, ASA argues that there was a genuine issue of material fact concerning whether Everest investigated and defended the employee’s claim as required under the policy. The record fails to show that Everest breached its “duty to defend” or disregarded its “right to investigate and settle” the claim.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *590 by 9lh Circuit Rule 36-3.