NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES S. TATE, Jr., | No. 13-15736 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01748-LDG-NJK |
| v. | |
| UNIVERSITY MEDICAL CENTER; STEVE SISOLAK; TOM COLLINS; LARRY BROWN; CHRIS GIUNCHIGLIANI; SUSAN BRAGER; RORY REID; MEDICAL AND DENTAL STAFF OF THE UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; KATHLEEN SILVER; JOHN ELLERTON, M.D.; LAWRENCE WEEKLY; DALE CARRISON, MD, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted June 10, 2015
San Francisco, California

Before: SILVERMAN, GOULD, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

James Tate, Jr., M.D., asserted negligence, contract, and procedural due process claims against several parties after the termination of his medical staff membership and privileges at the University Medical Center of Southern Nevada ("UMC"). He appeals the dismissal by the district court of the negligence claim and the entry of summary judgment in favor of the defendants on the remaining claims. We have jurisdiction under 28 U.S.C. § 1291, and affirm in part, reverse in part, and remand.

1.    The UMC bylaws entitle medical staff members to procedural protections, including notice and a hearing, upon the occurrence of various adverse actions, including termination of staff membership and privileges or denial of reapplications for membership and privileges. The bylaws thus create a "legitimate claim of entitlement" that may not be revoked without due process. *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 366-67 (9th Cir. 1976); *see also Lew v. Kona Hosp.*, 754 F.2d 1420, 1424 (9th Cir. 1985).

2.    The defendants argue Dr. Tate was not deprived of a protected property interest because he voluntarily resigned from the medical staff. But there was substantial evidence that Dr. Tate did not resign. Dr. Tate informed the Medical Executive Committee ("MEC") that he "had no intention of voluntarily resigning," and the minutes from the September 15, 2009 meeting of the UMC trustees list Dr. Tate as "remove[d] from staff"; his name is not among those of the physicians who

2

had "resign[ed]." There was therefore at least a material dispute of fact regarding whether Dr. Tate resigned, and, accordingly, whether he was deprived of a protected property interest.

3. The district court erred in determining there could be no municipal liability against the UMC and its trustees ex officio. The trustees received a recommendation from the MEC about Dr. Tate's membership and privileges and "affirmatively approved" it. *Christie v. Iopa*, 176 F.3d 1231, 1240 (9th Cir. 1999).[1]

4. The district court concluded that the medical staff is not amenable to suit under 42 U.S.C. § 1983. Because Dr. Tate did not challenge this finding in his opening brief, any challenge is waived. *All Pac. Trading, Inc. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427, 1434 (9th Cir. 1993).

5. Dr. Tate also waived any challenge to the district court's determination that John Ellerton, M.D., is entitled to qualified immunity, and that Dale Carrison, D.O., did not participate in any alleged constitutional violation. *Id.*

6. There was no error in converting the motion to dismiss filed by Defendant Peter Mansky, M.D., into a motion for summary judgment. *See, e.g.,*

---

[1] The parties may raise on remand whether there is any redundancy in naming both the UMC and the trustees ex officio as defendants.

3

*Cunningham v. Rothery* (*In re Rothery*), 143 F.3d 546, 549 (9th Cir. 1998) ("A party is 'fairly appraised' [sic] that the court will in fact be deciding a summary judgement motion if that party submits matters outside the pleadings to the judge and invites consideration of them." (quoting *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985))). And there was no error in granting the motion because there was no evidence of any agreement between Dr. Mansky and others to deprive Dr. Tate of a protected property interest without constitutionally adequate procedures. *See Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983) ("To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown."). Nor did the district court abuse its discretion in denying leave to amend the claim against Dr. Mansky; Dr. Tate failed to identify any new facts that would add merit to the claim. *See Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011).

**7.** The district court assumed without deciding that a contract existed between Dr. Tate and the UMC, but concluded that Dr. Tate's contract claim failed because there was no breach and Dr. Tate had released the liability of the UMC. The bylaws, however, guarantee certain procedures when staff membership and privileges are terminated; assuming the bylaws are a binding contract, that contract was breached if Dr. Tate did not voluntarily resign. There is also a material dispute of fact as to whether this breach is covered by the releases signed by Dr. Tate, which

4

refer primarily to liability arising in connection with the application process. Accordingly, summary judgment on the contract claim was improper.

**8.** The district court correctly dismissed Dr. Tate's negligence claim, which is predicated on breach of the Nevada statutes requiring promulgation of hospital bylaws, *see* Nev. Rev. Stat. § 450.160, because those statutes were not violated, *see Ashwood v. Clark Cnty.*, 930 P.2d 740, 744 (Nev. 1997).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.** Each party shall bear its own costs.