In re John FERNANDEZ, Debtor.

John FERNANDEZ, Appellant,

v.

GE CAPITAL MORTGAGE SERVICES, INC.; Texas Commerce Bank N.A., Appellees.

BAP Nos. CC–97–1628–BKME, CC–97–1863–BKME.
Bankruptcy No. LA97–25043 TD.
Adversary No. LA97–02372–TD.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 23, 1998.

Decided Nov. 5, 1998.

John Fernandez, Los Angeles, CA, appellant pro se.

Alexandria C. Phillips, Irvine, CA, for GE Capital Mortgage Services, Inc., appellee.

Before: BRANDT, KLEIN, and MEYERS, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

We are asked in these appeals to rule on the propriety and efficacy of an in rem relief from stay order. We do not find it necessary to reach that question.

The bankruptcy court ably recounted the events in *In re Fernandez,* 212 B.R. 361 (Bankr.C.D.Cal.1997) and we will not repeat them here. Suffice it to say that Debtor John Fernandez filed his first chapter 13 [1] on the eve of Texas Commerce Bank's foreclosure on his home. In the five months following, that case was dismissed for his failures to attend the § 341 meeting and make payments to the trustee, his wife filed two Chapter 13s, each dismissed for similar reasons, and he conveyed as a gift half of his interest in his home to one Belinda Amador. The next day, the day before the bank's rescheduled foreclosure sale, she filed a Chapter 7 case. The undoubtedly frustrated creditor obtained an order granting relief from stay not only in Ms. Amador's case, but also in any later bankruptcy involving the home. Fernandez then filed this Chapter 13 case. The bank foreclosed without seeking relief from stay in the new case, which was soon dismissed with prejudice for his failure to comply with court orders.

The debtor moved to vacate the order of dismissal, and brought an adversary proceeding against the bank and GE Capital Mortgage Services, Inc. (the trustee under the deed of trust), alleging willful violation of the automatic .stay. The bankruptcy court denied the motion and dismissed the complaint. The debtor appeals both orders. We AF-

FIRM, but on grounds narrower than those we are urged to address.

## BACKGROUND

Fernandez's motion to vacate the clerk's order dismissing his Chapter 13 case made 23 bare assertions of law and fact. He attached a brief, arguing 1) that the clerk had wrongfully refused to accept papers and otherwise had no authority to dismiss a case, 2) that the negligent paralegal who prepared his papers, not his willfulness, caused the failed compliance with filing procedure, and therefore 3) the failure to comply was excusable neglect, requiring the court to consider the prejudice caused the debtor by dismissal, which 4) is considerable because of the bank's foreclosure, and finally, in the alternate, 5) that absent § 109(g)(1) willfulness, § 349 should at least relieve him of the 180–day bar to refiling.

A few days later he filed an adversary complaint pro se praying the court to set aside the 29 April foreclosure sale conducted by GE Capital Mortgage Services, Inc., as trustee for Texas Commerce Bank N.A. (collectively "bank"), as a willful violation of the automatic stay, and for compensatory and punitive damages. The complaint, nearly identical to the motion, listed 20 assertions of fact and law.

The bank opposed the motion to vacate and moved to dismiss the complaint. In opposition to the motion to vacate, the bank argued 1) that the foreclosure had proceeded in reliance on the prospective language of the automatic stay in the Amador case, and 2) that because Fernandez's second filing came before the expiration of the 180–day bar following his first dismissal, the case could not proceed, and so the dismissal could not be vacated.

The bank argued in support of its motion to dismiss the adversary complaint 1) that the court lacked subject matter jurisdiction because the case had been dismissed, 2) that without subject matter jurisdiction, the debt-

---

**1.** Absent contrary indication, all Section and Chapter references are to the Bankruptcy Code, 11 U.S.C., and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

"FRCP" references are to the Federal Rules of Civil Procedure. "LBR" references are to the Local Bankruptcy Rules for the Central District of California.

or had failed to state a claim upon which relief could be granted, 3) that the foreclosure had proceeded in reliance on the prospective language of the automatic stay in the Amador case, and 4) that the debtor's multiple bankruptcy cases were filed solely to frustrate foreclosure proceedings and were therefore bad faith. Attorney James J. Moneer appeared on behalf of Fernandez and filed a memorandum in response to the motion to dismiss the adversary complaint.

The bankruptcy court denied the motion to vacate, apparently without hearing, in its published memorandum of decision and order, and granted the bank's motion to dismiss the adversary complaint, without hearing or memorandum. Fernandez timely appealed both orders.

## ISSUES

Whether the trial court erred in:

A. Denying the motion to vacate; and

B. Granting the bank's motion to dismiss the adversary proceeding.

## STANDARD OF REVIEW

A. *Motion to Vacate Dismissal.*

We review a motion for relief from judgment or order pursuant to FRCP 60(b)(1) (applicable via Rule 9024) for abuse of discretion, *United States v. $277,000 U.S. Currency,* 69 F.3d 1491, 1492 (9th Cir.1995); this is such a motion. We will not disturb the trial court's decision absent a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *Elias v. Lisowski Law Firm, Chtd. (In re Elias),* 215 B.R. 600, 604–05 (9th Cir. BAP 1997) (quoting *Moneymaker v. CoBen (In re Eisen),* 31 F.3d 1447, 1451 (9th Cir.1994) (citations omitted)).

B. *Dismissal of the Adversary Proceeding.*

We review a motion for dismissal for failure to state a claim de novo. *Jacobson v. AEG Capital Corp.,* 50 F.3d 1493, 1496 (9th Cir.1995).

C. *Other grounds.*

An appellate court in the Ninth Circuit may consider any issue supported by the record and may affirm on any basis supported by the record, even where the issue was not expressly considered by the bankruptcy court. *In re E.R. Fegert, Inc.,* 887 F.2d 955, 957 (9th Cir.1989) (citing *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1379 (9th Cir.1985)).

## DISCUSSION

A. *The Order Denying Appellant's Motion to Vacate.*

■ Fernandez did not appeal the bankruptcy court clerk's order dismissing his chapter 13 case. Instead, on 16 June 97, he filed his motion to vacate the order; our review is limited to the court's denial of his motion, rather than the merits of the order dismissing the case.

The first order of business is to determine what debtor meant by his motion to vacate the order. Letting Appellant's actual pleading serve to determine the nature of the motion, it is fairly apparent he intended a FRCP 60(b) motion, applicable via Rule 9024. *See McKinney v. De Bord,* 507 F.2d 501, 504 (9th Cir.1974) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) (court should use common sense in interpreting pleadings in pro se complaints). That rule provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .; (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment.

■ FRCP 60(b) is remedial and must be liberally applied, defaults are disfavored, and cases should be decided on the merits, where the movant seeks timely relief from judgment and has a meritorious case. *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987). For our purposes, the clerk's dismissal is the functional equivalent of a default judgment.

■ On appeal, as in the original motion, Appellant's argument is two-fold. He argues that the clerk of the court lacked authority to dismiss, and that his failure to timely file necessary papers resulted from excusable neglect, requiring the court to allow him more time under Rule 9006. The bankruptcy court correctly noted that, under the pertinent general orders and LBR 180, the clerk of the court may, after a written notice, dismiss cases when debtors do not comply with filing requirements. Here, Fernandez did not comply with filing requirements, the clerk gave notice, and then finally dismissed the case. *Fernandez,* 212 B.R. at 367 (quoting the LBR and discussing general orders).

■ Fernandez did not challenge the propriety of the general orders or LBR 180 under Rule 9029 or otherwise in his pleadings before the bankruptcy court, nor does he in his briefs to this panel. We therefore do not address any such issues. Instead, his argument is that the clerk violated Rule 5005(a), which provides that "[t]he clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form...." The bankruptcy court found that the clerk's order dismissing Appellant's case "did not transgress Rule 5005(a)," for the obvious reason that the clerk did not refuse to accept Appellant's papers for filing, and Fernandez does not challenge that finding.

With an approach analogous to that of an appellate tribunal affirming on grounds supported by the record but not dispositive in the trial court, the bankruptcy court refused to vacate the clerk's dismissal on two further bases: first, debtor's lack of good faith, predicated on judicial notice of the related proceedings, and second, the fact that there was no Chapter 13 plan meeting the requirements of § 1322 on file.

■ In considering Appellant's argument that he should be granted more time for excusable neglect, the bankruptcy court first dispensed with his attempt to shift the blame for botched filing to the paralegals who prepared his papers. The bankruptcy judge's mistaken factual premise that the paralegal who prepared the plan was not identified (the petition preparer's certification is in the record on appeal) does not significantly detract from his fundamental conclusion:

> the Debtor, desperate to save his home, was prepared to sign any document and to file, or encourage the filing of, as many bankruptcy petitions as necessary in his attempt to stave off the bank's foreclosure sale resulting from the Debtor's early 1996 default in the payment of his obligations to the bank.

*Fernandez,* 212 B.R. at 368.

Next, the court analyzed his history of bad faith filing, and, using the "clean hands" maxim, concluded it absurd that he should now ask a court of equity for relief from judgment. *See id.* at 368–369. In short, the court found the culpability of Fernandez extremely high, and the merits of his case extremely low. Fernandez has merely repeated his arguments in this appeal, and shown nothing which would lead us to conclude the court below made a clear error of judgment. The bankruptcy court did not abuse its discretion in denying Appellant's motion.

■ Fernandez also argued that the dismissal should not have been classified as willful for purposes of § 109(g)(1), thus invoking a 180–day bar to refiling. This component of the appeal is now moot: "The bankruptcy court's denial of all access to bankruptcy relief for 180 days is not reviewable inasmuch as 180 days have passed." *In re Frieouf,* 938 F.2d 1099, 1104 (10th Cir. 1991); *accord, In re Carey,* 221 B.R. 571, 572 (1st Cir. BAP 1998).

■ In any event, Fernandez's "plan," set forth in the appendix to the bankruptcy court's published opinion, 212 B.R. at 372, is deficient under § 1322: it provides neither for the submission of debtor's income to the trustee nor for the payment of priority claims under § 507, and it is doubtful that its debt-by-debt classification scheme would survive an objection to confirmation. This failing alone was sufficient basis for the bankruptcy court's refusal to vacate the clerk's dismissal, and is sufficient for us to affirm.

B. *The Adversary Complaint.*

1. *Dismissal for failure to state a claim.*

On 25 August 1997, without a hearing, the court signed an order granting the bank's motion to dismiss the Appellant's adversary complaint. The order said nothing more about its purpose and findings than

> after considering the moving papers, opposition papers, reply papers, and good cause appearing therefor, it is ordered that [the bank]'s motion to dismiss the adversary complaint of Fernandez is granted.

The bank's motion did not urge, nor did the order purport to grant, dismissal with prejudice.

Fernandez argues three points: that the bankruptcy court erred in not converting the bank's motion to dismiss for failure to state a claim, FRCP 12(b)(6) (applicable via Rule 7012), into one for summary judgment; that the court erred in granting the 12(b)(6) motion; and that giving effect to the prospective language of the Amador stay lift order denied him due process of law.

■ The brief in support of the bank's motion urges first that the court lacked subject matter jurisdiction to hear an adversary complaint in a dismissed case. From there, the bank reasoned that without subject matter jurisdiction, and without affirmative recital of subject matter jurisdiction as called for by Rule 7008, the plaintiff had failed to state a claim. However, the bank overlooked *Davis v. Courington (In re Davis)*, 177 B.R. 907 (9th Cir. BAP 1995), holding that, where the underlying case has been dismissed, a bankruptcy court retains discretionary subject matter jurisdiction over a complaint alleging a § 362(h) willful violation of the stay. Although the facts in *Davis* are distinguishable, in that there the stay violation action was brought during the pendency of the main case, the four cases the panel cited for support in *Davis* involved actions brought after the closing or dismissal of the main case. *See Davis,* 177 B.R. at 911 (citing as persuasive authority *Price v. Rochford,* 947 F.2d 829, 831–32 (7th Cir.1991); *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir.1989); *In re Fingers,* 170 B.R. 419, 425 (S.D.Cal.1994); *In re Nel-*

*son,* 159 B.R. 924, 925 (Bankr.D.Idaho 1993)). *Davis* topples the bank's 12(b)(1) motion, and with it the 12(b)(6) motion to the extent the latter depends on the former.

■ The bank also rested its 12(b)(6) motion on the theory that it foreclosed in reliance on the vitality of the prospective language from the stay lift order of the Amador case. The legal effect of the prior stay lift order is a conclusion of law, not fact, and a 12(b)(6) motion does not ask a court to find law, but rather to find if, as a matter of law, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." FRCP 12(b)(6); *Wyler Summit Partnership v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998) (citation omitted).

■ Independently of the reasons urged by the bank, Fernandez failed to state a claim entitling himself to relief. He pleaded, and the bank did not refute, that while he was a debtor in a chapter 13 case, and without initiating a separate stay lift proceeding in that case, it foreclosed against his property. This is arguably a prima facie case of a violation of the automatic stay under § 362(b). However, the requisite claim of actual damages is lacking. *See Wolkowitz v. Shearson Lehman Bros., Inc. (In re Weisberg),* 193 B.R. 916, 927–28 (9th Cir. BAP 1996), *rev'd in part on other grounds,* 136 F.3d 655 (9th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 72, 142 L.Ed.2d 56 (1998) (despite violation of the stay, § 362(h) cannot offer relief from damages where none have occurred); *see also In re McHenry,* 179 B.R. 165, 168–69 (9th Cir. BAP 1995) (no punitive damages absent actual damages). If consideration as a 12(b)(6) dismissal was proper, we must affirm.

2. *Conversion.*

■ A federal court must convert a 12(b)(6) motion to one for summary judgment when the parties submit, and the court does not reject, material beyond the pleadings. *See Parrino v. FHP, Inc.,* 146 F.3d 699, 706 n. 4 (9th Cir.1998); *Cunningham v. Rothery (In re Rothery),* 143 F.3d 546 (9th Cir.1998). Material outside the pleadings in-

cludes affidavits, affirmative defenses, and judicial notice of the record or transcripts from prior court proceedings. *Tanner v. Heise*, 879 F.2d 572, 577 (9th Cir.1989) (affidavits); *United Parcel Serv., Inc. v. California Public Util. Comm'n*, 839 F.Supp. 702 (N.D.Cal.1993), *rev'd on other grounds*, 77 F.3d 1178 (9th Cir.1996) (affirmative defense); *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir.1995) (judicial notice of defendant's prior bankruptcy case).

Both the bank's 12(b)(6) motion and Appellant's response contained affidavits, and so this alone may have called for conversion of the motion. Two other factors suggest conversion as well: first, the bank's 12(b)(6) motion asserted that Fernandez had failed to state a claim because the bank proceeded against the Sea View property, during his case, secure in reliance on the prospective language of the Amador stay lift, in essence an affirmative defense.

Because of the affidavits filed by both parties and the affirmative defense asserted by the bank, the 12(b)(6) motion should have been considered as a summary judgment, which raises the question of proper notice of the conversion.

### C. Notice.

■■■ When a court converts a 12(b)(6) motion to dismiss into a motion for summary judgment, notice requirements differ between the circuits. *See* Kurtis A. Kemper, Annotation, *Necessity and Sufficiency of Notice of Court's Decision to Convert Motion to Dismiss Under Rule 12(b)(6) of Federal Rules of Civil Procedure or Motion for Judgment on Pleadings Under Rule 12(c) to Motion for Summary Judgment Under Rule 56 Due to Consideration of Matters Outside Pleadings*, 143 A.L.R.Fed. 455, 501–502, 1998 WL 58091. In the Ninth Circuit, the conversion from 12(b)(6) to summary judgment requires no formal notice. Rather, the court must give the parties "a reasonable opportunity to present material that would be pertinent under the summary judgment motion." *Rothery*, 143 F.3d at 549 (citing to, *inter alia*, *Portland Retail Druggists Ass'n v. Kaiser Foundation Health Plan*, 662 F.2d 641, 645 (9th Cir.1981)). Nonetheless, a court may

sua sponte grant summary judgment "without notice if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the motion.'" *Rothery*, 143 F.3d at 549 (citations omitted). The rule that a pro se litigant requires heightened notice, *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir.1995) (citing *Garaux v. Pulley*, 739 F.2d 437, 438–39 (9th Cir.1984)), is inapplicable here, because of the appearance of counsel for Fernandez in responding to the bank's motion.

■■■ In any event, where, as here, the respondent to a 12(b)(6) motion requests the court to convert the motion to one for summary judgment, the obligation to inform that party is superfluous. *See Cook v. Housewright*, 611 F.Supp. 828, 829 (D.Nev.1985) (pro se litigant requested and the court granted conversion from 12(b)(6) to summary judgment). Further,

> [a] represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment.

*Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir.1985) (citations omitted).

### D. Summary Judgment.

In reviewing a summary judgment order, our task is the same as the trial court's under FRCP 56 (applicable via Rule 7056). *HEMAR Serv. Corp. of Am., Inc. v. Pilcher (In re Pilcher)*, 149 B.R. 595, 597 (9th Cir. BAP 1993). Just as the bankruptcy court's dismissal could be affirmed under FRCP 12(b)(6) for debtor's failure to assert damages, the summary judgment can be affirmed for his failure to offer proof of damages.

■■■ As noted above, a prima facie case under § 362(h) requires a showing

(1) by an individual debtor of
(2) injury from
(3) a willful
(4) violation of the stay.

Injury means actual damages, *Weisberg*, 193 B.R. at 927–28, and punitive damages cannot be granted absent actual damages, *McHenry*, 179 B.R. at 168–69. That Fernandez may have been damaged by the foreclosure, even

if he had directly alleged that, does not suffice. To show injury from a violation of the stay, he would have had to show, sufficiently to raise a genuine issue of material fact, FRCP 56(c), applicable via Rule 7056, that Texas Commerce might not have been granted relief from stay had it asked. He did not even attempt to raise such a factual issue.

To withstand dismissal on summary judgment, Fernandez was required to offer some evidence of actual damages, which he did not. As he had the burden of proof at trial, summary judgment was warranted for his failure to "make a showing sufficient to establish the existence of an element essential to [his] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### CONCLUSION

Fernandez has shown neither clear error nor an abuse of discretion in the bankruptcy court's denial of his motion to vacate the dismissal of his Chapter 13 case. In any event, he never filed a plan meeting the Bankruptcy Code's requirements.

Having failed to allege actual damages, debtor's adversary complaint stated no cause of action. Having failed to show any such damages, that complaint could not survive summary judgment.

We AFFIRM both dismissals.