**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: G. GREGORY WILLIAMS,<br><br>        Debtor,<br><br>――――――――――――――<br><br>G. GREGORY WILLIAMS,<br><br>        Appellant,<br><br>  v.<br><br>FRANKLIN TOWERS HOMEOWNERS ASSOCIATION INC., a California Incorporated Association; et al.,<br><br>        Appellees. | No. 08-55235<br><br>D.C. No. CV-07-02879-ABC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief Judge, Presiding

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

―――――――――――――

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

G. Gregory Williams, a Chapter 13 debtor, appeals pro se from the district court's order (1) affirming the bankruptcy court's denial of a damages claim that had been remanded by the Ninth Circuit Bankruptcy Appellate Panel ("BAP"); (2) reversing in part and affirming in part the bankruptcy court's dismissal of Williams' adversary complaint; and (3) affirming the bankruptcy court's denial of Williams' Federal Rule of Civil Procedure 60(b)(1) motion. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from a bankruptcy court. *Mantz v. Cal. State Bd. of Equalization (In re Mantz)*, 343 F.3d 1207, 1211 (9th Cir. 2003). We may affirm on any ground supported by the record. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999). We affirm.

The bankruptcy court correctly denied Williams' request for damages for violation of the automatic stay because the stay was retroactively annulled.

In dismissing the adversary proceeding for lack of jurisdiction, it is not clear whether the bankruptcy court recognized that it retained discretionary subject matter jurisdiction over that proceeding. *See Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez)*, 227 B.R. 174, 179 (B.A.P. 9th Cir. 1998). However, because damages for violation of the automatic stay are not available, we affirm the dismissal of Williams' adversary proceeding section 362(h) claim.

The record does not demonstrate that the bankruptcy court considered whether jurisdiction exists or is warranted over the state-law claims Williams raised in the adversary proceeding. Therefore, the district court properly remanded to the bankruptcy court for consideration of this issue in the first instance.

The bankruptcy court did not abuse its discretion in denying Williams' Federal Rule of Civil Procedure 60(b)(1) motion because Williams did not present any evidence or argument demonstrating that the bankruptcy court's denial of the remanded claim for damages was the result of "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1); *Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 525 (9th Cir. 1991) (setting forth standard of review).

We reject Williams' remaining contentions.

**AFFIRMED.**