**In re 4TH STREET EAST INVESTORS, INC.,**
**Debtor(s).**

No. 2:12–bk–17951–NB.

United States Bankruptcy Court,
C.D. California,
Los Angeles Division.

June 29, 2012.

Craig G. Margulies, The Margulies Law Firm, Encino, CA, for Debtor.

United States Trustee, Los Angeles, CA.

## MEMORANDUM DECISION GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY

NEIL W. BASON, Bankruptcy Judge.

A hearing was held at the above-referenced time and place on the motion of Ocean II, LLC (the "Movant") for relief from the automatic stay (dkt. 95) (the "Motion") and other papers filed in relation thereto (dkt. 116 and 127). Appearances were as noted on the record.

Based on (i) the foregoing papers, (ii) the bankruptcy schedules ("Schedules") and Statement Of Financial Affairs ("SOFA") (dkt. 1) filed by the above captioned debtor(s) ("Debtor"), (iii) the proof of service included in the Motion papers showing service on the owner/borrower listed in the loan documents (the "Owner"), and (iv) the other documents and records in this case and the arguments and evidence presented at the hearing, I make the following findings of fact and conclusions of law.

### A. *Findings of Fact*

This case matches the profile of certain other cases that have come before the Court:

(1) In violation of the loan documents, an interest in the subject property purportedly was transferred to Debtor.

(2) Movant has presented sufficient evidence, including the following, to establish that the purported transfer was part of a "scheme" to delay or hinder Movant's remedies against the property by implicating

the automatic stay of 11 U.S.C. § 362(a) in Debtor's bankruptcy case:

    (a) The grant deed reflects that the purported transfer was for little or no consideration.

    (b) The purported transfer occurred, or it was made known to Movant, at a time when Movant was seeking to pursue its remedies against the property.

    (c) No evidence or argument was presented that would establish any legitimate purpose for such a purported transfer.

(3) Movant has *not* established that Debtor was part of such scheme[1] because on the present record:

    (a) There is evidence that the purported transfer occurred *after* Debtor's bankruptcy petition was filed (if the transfer had occurred *before* the petition date then that would imply advance coordination between the transferor and Debtor).

    (b) There is no evidence of any other connection between Debtor and (i) the property, (ii) any transferor of the property (a "Transferor"), or (iii) any obligor under the movant's loan documents (e.g., there is no indication that Debtor was acquainted with a Transferor or obligor or resided at the property).

    (c) There is insufficient *other* evidence to support a finding of an intent by Debtor, in filing the bankruptcy petition, to hinder, delay or defraud creditors, such as blank or otherwise substantially defective bankruptcy schedules, or the debtor's failure to attend the meeting of creditors under 11 U.S.C. § 341(a).

    (d) Based on the foregoing, this case is consistent with the pattern in so-called "hijacked" or "dumping" cases—*i.e.*, cases in which a transferor of property, acting *without* the debtor's participation or acquiescence, seeks to implicate the automatic stay for the transferor's *own* benefit by purporting to transfer property into a random bankruptcy estate, or by back-dating or falsifying a grant deed to make it appear that such a transfer has occurred.

(4) If Movant intended to seek a specific finding of this Court that Debtor was part of the scheme, the Motion papers and the facts and circumstances described above did not sufficiently notify Debtor of that possibility, and therefore Debtor had insufficient notice of any reason to oppose the Motion.

### B. *Conclusions of Law*

Based on the foregoing facts, although it is *not* appropriate to find that Debtor participated in the scheme, it *is* appropriate to grant relief of the type set forth in 11 U.S.C. § 362(d)(4) (*"in rem"* relief), for the following reasons.

(1) Relief is appropriate under 11 U.S.C. § 364(d)(4) because, *as of the time when the scheme was implemented,* the debtor's "filing of the petition was part of a scheme [*by Transferor* ] to delay, hinder, or defraud creditors" (11 U.S.C. § 362(d)(4)). In other words, I interpret the term "was" as descriptive of the type of scheme (a scheme that involves the fact that filing the petition created an automatic stay), rather than as a temporal limitation intended by Congress to exclude schemes that are implemented post-petition. *Compare In re Scarborough,* 461 F.3d 406, 411 (3d Cir.2006) (interpreting the word "is" in 11 U.S.C. § 1322(b)(2) as

---

**1.** I make no finding regarding that issue one way or the other.

**712**

descriptive, not temporal); *In re Abdelgadir,* 455 B.R. 896, 902–03 (9th Cir. BAP 2011) (same, under 11 U.S.C. § 1123(b)(5)).

 (2) Alternatively, the same *in rem* relief is warranted on two alternative grounds: the Court's inherent authority, or the plain meaning of 11 U.S.C. § 105(a).

(a) I respectfully disagree with decisions that, in my view, appear to narrow § 105(a) almost out of existence and to deny any authority to prevent such abuse. *See, e.g., In re Johnson,* 346 B.R. 190 (9th Cir. BAP 2006). In departing from Johnson, I follow authority holding that decisions of the Bankruptcy Appellate Panel are not strictly binding (although they are often persuasive). *See, e.g., In re Rinard,* 451 B.R. 12, 20–21 (Bankr.C.D.Cal.2011), *disagreed with on other grounds, In re Hernandez* (Case No. 2:11–bk–53730–NB, dkt. 40). Both the Court's inherent authority and the plain meaning of 11 U.S.C. § 105(a) authorize the Court "to take appropriate action in order to prevent abuse of the bankruptcy process." *In re Fernandez,* 212 B.R. 361, 372 (Bankr. C.D.Cal.1997), *aff'd on other grounds,* 227 B.R. 174 (9th Cir. BAP 1998). *See also, e.g., In re Henderson,* 395 B.R. 893, 901–02 (Bankr.D.S.C.2008) *(in rem* relief not limited to § 362(d)(4)).

(b) I also respectfully disagree that an adversary proceeding is required in order to grant *in rem* relief as described in this decision. *See In re Van Ness,* 399 B.R. 897 (Bankr. E.D.Cal.2009). It is not apparent why more elaborate procedures should be required under the Court's inherent authority or 11 U.S.C. § 105(a) than would be re-

quired to grant the same type of *in rem* relief as under § 362(d)(4).

(3) To the extent, if any, that Movant seeks any other extraordinary relief, such as relief against third parties *without* any notice ("Extraordinary Relief"), Movant has not provided sufficient legal authority or factual basis for such relief.

(4) Movant has established sufficient cause to waive the 14 day stay under Fed. R. Bankr.P. 4001(a)(3).

**C.** *Conclusion*

A separate order will be issued, concurrent with this Memorandum Decision, granting Movant relief from the automatic stay of 11 U.S.C. § 362(a), including *in rem* relief as described above.

