**NOT FOR PUBLICATION**

### UNITED STATES BANKRUPTCY APPELLATE PANEL
### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   HI-17-1144-BTaL |
| THEODORICO ERUM, JR. | Bk. No.   17-00270 |
| Debtor. | |
| THEODORICO ERUM, JR., | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| WELLS FARGO BANK, N.A.; CIT BANK, N.A., | |
| Appellees. | |

Submitted Without Argument on October 26, 2017

Filed - November 29, 2017

Appeal from the United States Bankruptcy Court
for the District of Hawaii

Honorable Robert J. Faris, Chief Bankruptcy Judge, Presiding

Appearances:   Appellant Theodorico Erum, Jr., pro se, on brief.[2]

Before:   BRAND, TAYLOR, and LAFFERTY, Bankruptcy Judges.

---

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2]   Although Wells Fargo Bank, N.A. and CIT Bank, N.A. were named as appellees in this appeal, they did not appear.

Theodorico Erum, Jr. appeals an order dismissing his chapter 13[3] case and imposing a 180-day refiling bar. The bankruptcy court dismissed his case sua sponte for failure to file the required case opening documents after he received an extended deadline beyond the 14 days proscribed in Rule 1007(c). We AFFIRM the dismissal. However, because the 180-day bar expired on October 28, 2017, the appeal of that aspect of the order is moot.[4]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[5]

### A. Events prior to the instant chapter 13 case

Mr. Erum is 84 years old and in poor health. In 2007, to secure a mortgage note for $45,000, Mr. Erum executed a mortgage against his property in Kapaa, Hawaii in favor of Wells Fargo. The mortgage was recorded.

### 1. The first bankruptcy case - 2009

On July 17, 2009, Mr. Erum filed a skeletal chapter 13 bankruptcy case. All required case opening documents were to be filed by August 3. On August 3, Mr. Erum moved to dismiss the

---

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[4] Although the issue of the 180-day refiling bar was not technically moot on the submission date of Thursday, October 26, 2017, it became moot two days later on Saturday, October 28, 2017. Given this short time period, we could not issue a decision vacating that portion of the order, assuming it was incorrect, in time to allow Mr. Erum to file another bankruptcy case before the bar date expired on October 28, 2017; thus, we could not provide effective relief on this issue.

[5] The record Mr. Erum submitted, which included only the order on appeal, is inadequate for proper review of this appeal. We have taken the liberty of reviewing relevant documents filed on the bankruptcy court's electronic docket. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-2-

case, noting that he was unable to file the required documents by the deadline. The court dismissed the case on August 5, 2009.

### 2. The second bankruptcy case - 2013

On May 17, 2013, Mr. Erum filed a skeletal chapter 11 bankruptcy case and requested to pay the filing fee in installments. The court granted the installment payment request, giving Mr. Erum until June 10 to pay the filing fee in full. The court's order warned that failure to pay by the June 10 deadline would result in dismissal with a 180-day refiling bar.

Mr. Erum had also not submitted proof of prepetition credit counseling. The court denied his request for a temporary waiver of that requirement. Mr. Erum obtained credit counseling on May 30, 2013.

On June 7, 2013, Mr. Erum moved to dismiss his chapter 11 case so that he could file another case now that he had obtained the required credit counseling. On June 11, 2013, the court dismissed the chapter 11 case with a 180-day refiling bar for failure to pay the filing fee.

### B. The third bankruptcy case - 2017

### 1. Events leading to the instant bankruptcy case

In 2013, Wells Fargo initiated judicial foreclosure proceedings for the Kapaa property. In 2014, Wells Fargo obtained an order for interlocutory decree of foreclosure and judgment. Thereafter, Mr. Erum filed various motions to vacate or stay the foreclosure; he also filed an appeal to the state appellate court. The Kapaa property was sold to a third party in 2016.

In February 2017, Wells Fargo moved to confirm the sale and for a writ of ejectment. A hearing on the motion was scheduled

-3-

for March 17, 2017. Mr. Erum's third bankruptcy case, filed on March 16, 2017, stayed that proceeding.

### 2. The instant bankruptcy case

Like his prior two bankruptcy cases, this chapter 13 filing was also a skeletal filing. Mr. Erum again asked to pay the filing fee in installments. Just above his signature on Official Form 103A — Application for Individuals to Pay the Filing Fee in Installments — it warns that a debtor's case may be dismissed for failure to make any payment when due. The court denied Mr. Erum's request, ordering that the $310 filing be paid by March 30, 2017.

Mr. Erum had also again failed to obtain prepetition credit counseling and requested a temporary waiver of that requirement due to exigent circumstances. The court denied Mr. Erum's request for waiver as inadequate and warned that the case was subject to dismissal.

On March 18, 2017, the clerk issued an Order to File Documents and Notice of Intent to Dismiss Case, ordering Mr. Erum to file all required documents by March 30, 2017. The clerk's order warned:

Pursuant to LBR 1007-1(a)(2),[6] failure to comply timely

---

[6] Local Bankruptcy Rule 1007-1(a)(2) provides:

**Dismissal Upon Failure to File Case Opening Documents.** In a voluntary case where case opening documents are not filed with the petition, the clerk is authorized to issue an order to satisfy the deficiency and to give notice that failure to file the subject documents within a specified number of days after the date the petition was filed, or some later date as the court directs, may result in dismissal of the case without further notice, unless on or before the filing deadline the court enters an order extending the time to file the documents. An order dismissing the case under this

(continued...)

-4-

with this order by filing all the missing documents may result in dismissal of the case as a willful failure to abide by a court order within the meaning of 11 U.S.C. sec. 109(g)(1). This means that the debtor(s) will be ineligible to file another bankruptcy petition for 180 days after the entry of the order dismissing the case.

On March 31, 2017, the court entered an order dismissing Mr. Erum's chapter 13 case with a 180-day refiling bar for failure to file the required documents and to pay the filing fee. Notice of the dismissal order was sent to Mr. Erum on April 5, 2017.

On April 5, 2017, Mr. Erum filed a motion to extend time to pay the $310 filing fee to April 6, 2017, and paid the filing fee.

On April 10, 2017, Mr. Erum filed a motion to extend time to file case opening documents, stating that because of his poor mental and physical health he was unable to complete and file the required documents by the due date of March 30. He requested an extension until April 19, 2017 to file them. At the bottom of the motion — Local Form H1007-1a — signed by Mr. Erum it states:

Debtor acknowledges that the failure to file the required documents by any extended deadline will result in dismissal of the case with a bar to refiling a subsequent bankruptcy petition for 180 days following the entry of a dismissal order, under 11 U.S.C. § 109(g)(1).

The court treated Mr. Erum's motion to extend time to file documents as a motion to reconsider the dismissal order. On April 12, 2017, the court vacated the dismissal order, reinstated the case and gave Mr. Erum until April 19 to file the required documents. The order warned that "the case will be dismissed without a hearing" if the documents were not timely filed.

---

[6](...continued)
provision may include a 180-day bar to refiling a subsequent petition under § 109(g)(1).

The deadline of April 19 passed with nothing filed by Mr. Erum.

On May 1, 2017, the court sua sponte and without a hearing dismissed Mr. Erum's bankruptcy case for failure to file the required case opening documents. Citing to § 109(g)(1), the court further imposed a 180-day refiling bar for Mr. Erum's "failure to abide by a court order." This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court abuse its discretion in dismissing Mr. Erum's bankruptcy case?

## IV. STANDARDS OF REVIEW

We review the bankruptcy court's decision to dismiss a chapter 13 case for abuse of discretion. Ellsworth v. Lifescape Med. Assoc., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support in inferences that may be drawn from the facts in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

**The bankruptcy court did not abuse its discretion in dismissing Mr. Erum's bankruptcy case.**

Mr. Erum requested an extension to file the required case opening documents by April 19, 2017, even though his case had

-6-

already been dismissed for failure to file them. Nonetheless, given Mr. Erum's alleged unfortunate circumstances, the bankruptcy court opted to vacate the dismissal, reinstate the case and grant the extension. Despite this, Mr. Erum did not file the required documents or seek a further extension by the deadline.

By dismissing Mr. Erum's case for failure to file the required case opening documents, the court was enforcing a portion of Rule 1007(c), which required Mr. Erum to file the documents by the extended deadline or to seek an additional extension of time. To enforce its April 12 order to file the documents and Rule 1007(c), the court was authorized to dismiss Mr. Erum's case sua sponte under § 105(a).[7] Tennant v. Rojas (In re Tennant), 318 B.R. 860, 869 (9th Cir. BAP 2004).

Mr. Erum raises only one argument with respect to the dismissal order, that the bankruptcy court erred by dismissing his case without a hearing in violation of Rule 1017(c).[8] That rule

---

[7] Section 105(a) provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

[8] Rule 1017(c) provides:

**Dismissal of voluntary chapter 7 or chapter 13 case for failure to timely file list of creditors, schedules, and statement of financial affairs**. The court may dismiss a voluntary chapter 7 or chapter 13 case under § 707(a)(3) or § 1307(c)(9) after a hearing on notice served by the United States trustee on the debtor, the trustee, and any other entities as the court directs.

-7-

applies only if the court dismisses a case on a motion under § 707(a)(3) or § 1307(c)(9); it does not govern the procedure if the court chooses to dismiss the case sua sponte under § 105(a), which is what occurred here. In re Tennant, 318 B.R. at 870 (trial court's authority to dismiss a case sua sponte under § 105(a) is not restricted by Rule 1017(c)).

In response to this same argument raised by the debtor and rejected in Tennant, the Panel stated that, "if a case involves only very narrow procedural aspects, a court can dismiss a Chapter 13 case without further notice and a hearing if the debtor was provided with notice of the requirements to be met." Id. Thus, if the debtor has been notified of the deficiencies in the petition but fails to file the required forms within a deadline, the court can dismiss the case sua sponte without further notice and a hearing. Id. at 871.

Mr. Erum knew of the filing deficiencies in his case and was warned by the court in the April 12 order that failure to file the required documents by the extended April 19 deadline would result in dismissal of his case without a hearing. The court even waited until May 1, 2017, to dismiss it. In addition, Local Bankruptcy Rule 1007-1(a)(2) warns that failure to file case opening documents within the specified number of days after the date the petition was filed, or some later date as the court directs, "may result in dismissal of the case without further notice." Finally, Mr. Erum, who is no stranger to bankruptcy, is familiar with bankruptcy filing requirements and the consequences if those requirements are not satisfied. Accordingly, Mr. Erum's due process rights were not violated.

Mr. Erum also argues that the record does not support the court's imposition of a 180-day refiling bar. Although we are not convinced that the imposition of a refiling bar was justified absent an explicit finding of a "willful" failure to abide by a court order,[9] as we explained above this issue is now moot. See Fernandez v. GE Capital Mortg. Servs., Inc. (In re Fernandez), 227 B.R. 174, 178 (9th Cir. BAP 1998). Therefore, because we lack jurisdiction over that aspect of the dismissal order, we are unable to address it. See I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 900 (9th Cir. 2001) (we lack jurisdiction over moot appeals).

## VI. CONCLUSION

For the foregoing reasons, we conclude that the bankruptcy court did not abuse its discretion in dismissing Mr. Erum's chapter 13 case. Accordingly, we AFFIRM the dismissal.

---

[9] Under § 109(g), a 180-day bar to refiling may be imposed if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."

-9-