FILED



MAY 28 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:

NATHANIEL BASOLA SOBAYO,

Debtor.

NATHANIEL BASOLA SOBAYO,

Appellant,

v.

DEVIN DERHAM-BURK, Chapter 13
Trustee,

Appellee.

BAP No. NC-19-1231-TaFS

Bk. No. 19-50887-SLJ

MEMORANDUM[*]

Argued and Submitted on May 20, 2020

Filed – May 28, 2020

Appeal from the United States Bankruptcy Court
for the Northern District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Stephen L. Johnson, Bankruptcy Judge, Presiding

Appearances: Appellant Nathaniel Basola Sobayo argued pro se; Jane Zimmerman Bohrer argued for appellee Devin Derham-Burk, Chapter 13 Trustee.

Before: TAYLOR, FARIS, and SPRAKER, Bankruptcy Judges:

Nathaniel Basola Sobayo appeals *pro se* from the bankruptcy court's order denying his motion to (1) vacate an order dismissing his chapter 13[1] case and (2) grant leave to file adversary proceedings (the "Reconsideration Motion").

The bankruptcy court granted the chapter 13 trustee's dismissal motion as Mr. Sobayo admitted that he did not qualify for chapter 13 relief because his secured debt exceeded the § 109(e) debt limits; Mr. Sobayo admitted that he failed to pay all his secured creditors as required by his proposed chapter 13 plan; and Mr. Sobayo failed to file a report of payments to secured creditors as required by the bankruptcy court's local rules. Mr. Sobayo opposed the motion but did not address any of the asserted bases for dismissal. He also did not file a timely appeal from the order dismissing this bankruptcy case, his third. Instead, after the time for

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

appeal expired, Mr. Sobayo filed the Reconsideration Motion. The bankruptcy court denied it, and Mr. Sobayo timely appealed.

Mr. Sobayo has never stated a legal basis for the Reconsideration Motion, but, as did the bankruptcy court, we consider it under Civil Rule 60 as made applicable in a bankruptcy case by Rule 9024. And, having done so, we determine that the bankruptcy court did not abuse its discretion in denying it. *See Fernandez v. GE Capital Mortg. Servs., Inc. (In re Fernandez)*, 227 B.R. 174, 177 (9th Cir. BAP 1998) (We review the denial of a Civil Rule 60(b) motion for relief from judgment for an abuse of discretion.), *aff'd*, 208 F.3d 220 (9th Cir. 2000). The bankruptcy court's decision here was unquestionably well-founded.

Mr. Sobayo has never advanced a relevant argument supporting reconsideration of the dismissal of his case. He did not assert, nor does the record reflect, any circumstances that would constitute mistake, inadvertence, surprise, or excusable neglect under Civil Rule 60(b)(1). While he states on appeal that the three bankruptcies he filed were "needlessly, negligently, and abusively dismissed without merits" due to "mistakes" of the bankruptcy court and the trustee, he failed to specifically identify any "mistakes" warranting reconsideration. Nor did he offer newly discovered evidence under Civil Rule 60(b)(2), argue that the dismissal order was void under Civil Rule 60(b)(4), or argue that it had been satisfied, discharged, or released under Civil Rule 60(b)(5). At best,

his desire for adversary proceedings to address alleged issues in state court matters could be considered under the catch-all provision, Civil Rule 60(b)(6). But, his desire to file adversary proceedings does not excuse his missed plan payments, noncompliance with local rules, and chapter 13 ineligibility.

We acknowledge the sincerity of Mr. Sobayo's view that he has been ill-served by his attorneys, lenders, and others. And we do not underestimate the difficulties that he has faced in navigating through disputes in several courts. But there is no basis consistent with controlling law for a reversal of the bankruptcy court's decision to deny the Reconsideration Motion.

We AFFIRM.