NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>GARY ABRAMS,<br>             Debtor. | BAP Nos.  CC-21-1240-SGF<br>CC-21-1241-SGF |
| | Bk. No. 2:19-bk-21243-VZ |
| GARY ABRAMS,<br>          Appellant,<br>v.<br>JONI SCHINSKE; UNITED STATES<br>TRUSTEE; NANCY K CURRY,<br>         Appellees. | Adv. No. 2:20-ap-01015-VZ<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent Zurzolo, Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and FARIS, Bankruptcy Judges.

## INTRODUCTION

The day after debtor Gary Abrams filed his current bankruptcy
petition, appellee Joni Schinske purchased Abrams' Florida real property at
a foreclosure sale. When Schinske later found out about the bankruptcy,
she commenced an adversary proceeding and obtained a default judgment

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

that the automatic stay under § 362(a)[1] never went into effect because this was Abrams' third bankruptcy pending within a year and the first two bankruptcies had been dismissed. Abrams never appealed that judgment.

Schinske likewise obtained an order in Abrams' main bankruptcy case determining that the codebtor stay under § 1301 did not enjoin the foreclosure sale because the debt foreclosed on did not qualify as a consumer debt within the meaning of the Code. Abrams never appealed that order either.

Abrams has since repeatedly moved to invalidate the default judgment and the codebtor stay order. Each motion has been denied; only the last two denials are within the scope of these appeals.

Abrams appeals from the denial of his second post-judgment motion to "dismiss" the adversary proceeding. He also appeals from the denial of his third motion for Rule 9011 sanctions. None of Abrams' arguments have any merit, so we AFFIRM.

## FACTS

**A.  Abrams' bankruptcy filing and Schinske's adversary proceeding.**

Abrams commenced his current bankruptcy case by filing a

---

[1] Unless specified otherwise, chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, "Civil Rule" references are to the Federal Rules of Civil Procedure, and "Local Rule" references are to the Local Bankruptcy Rules for the Central District of California.

voluntary chapter 13 petition in September 2019.[2] In his schedules, he identified two parcels of real property that he owned as community property with his non-debtor spouse. One was his residence in Culver City, California, and the other was residential property in St. Petersburg, Florida.

In January 2020, Schinske commenced her adversary proceeding seeking declaratory relief that the automatic stay never went into effect in Abrams' underlying bankruptcy case because this was Abrams' third bankruptcy pending within a year. Schinske alleged that she purchased Abrams' Florida property at a judicial foreclosure sale conducted on the day after Abrams filed his latest bankruptcy case. Her complaint referenced and attached a copy of the state court's certificate of title showing that she purchased the property at the foreclosure sale. Based on these allegations, Schinske contended that the bankruptcy had no effect on the foreclosure sale.

When Abrams failed to timely respond to the complaint, Schinske obtained entry of default and moved for entry of a default judgment. Meanwhile, Abrams moved to set aside the default. The court denied Abrams' motion and entered default judgment confirming that the automatic stay never came into effect upon the filing of Abrams' latest chapter 13 petition. Abrams did not appeal from the default judgment.

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

**B.    The codebtor stay motion.**

While the default judgment proceedings were still pending, Schinske filed a motion for relief from stay, in relevant part seeking relief from the codebtor stay under § 1301. She argued that the codebtor stay never went into effect for the same reasons the automatic stay did not go into effect. Alternately, she argued that the codebtor stay only applies to consumer debts. She maintained that Abrams' Florida property was a multi-unit residential property that he acquired as a rental property and for investment purposes, so the mortgage he and his wife executed to acquire the property was not a debt incurred for personal, family, or household purposes.

Though Abrams opposed Schinske's relief from stay motion and filed a supporting declaration, his opposition papers contained no evidence specifically addressing whether the mortgage debt qualified as a consumer debt within the meaning of the Code. In contrast, in her reply in support of her relief from stay motion, Schinske included the applicable mortgage and the accompanying "1-4 Family Rider." In relevant part, the 1-4 Family Rider overrode the mortgage's occupancy requirement. It also contained an assignment of rents provision and a requirement that borrowers maintain rental loss insurance. Schinske argued that these documents showed that the property was purchased as an investment.

Relying on Abrams' schedules and Schinske's evidence, the court held that the mortgage debt did not qualify as consumer debt. Because the

4

codebtor stay is limited to consumer debts, the court entered an order that Abrams' latest bankruptcy filing did not enjoin the foreclosure sale. Abrams did not appeal the codebtor stay order.

## C. Abrams' repeated requests for relief from the default judgment and the codebtor stay order.

Undaunted, Abrams filed motion after motion seeking relief from the default judgment and the codebtor stay order. In the bankruptcy case, Abrams eventually filed an appeal from the denial of one of these motions, but the district court dismissed that appeal for failure to prosecute.

The repetitive nature of Abrams' requests for relief ultimately led the bankruptcy court to enter a vexatious litigant order against him, prohibiting him from filing any new papers in either the adversary proceeding or the main case pertaining to the parties to the foreclosure sale, except for notices of appeal.

## D. Abrams' sanctions motions.

Abrams filed three sanctions motions in Schinske's adversary proceeding, all of which the bankruptcy court denied. Each motion invoked Civil Rule 11, which is made applicable in adversary proceedings and bankruptcy cases by Rule 9011. The first sanctions motion was one page and contained no allegations or grounds supporting sanctions. Unlike the first sanctions motion, the second and third sanctions motions set forth allegations and grounds in support of sanctions. More specifically, Abrams relied on the same mortgage documents Schinske had attached to her reply

in support of her codebtor stay motion. Abrams claimed that these documents proved he and his spouse incurred the mortgage debt for personal, family, or household purposes. Though he had not presented any relevant evidence in his opposition to the codebtor stay motion, he further claimed that all of the occupants of the Florida property were family members. Abrams therefore maintained that the codebtor stay motion and reply were factually baseless and that Schinske did not make a reasonable inquiry before filing them. He also claimed that Schinske filed the motion and reply for the improper purposes of defrauding him out of the property and evading the consequences of her stay violation. He asserted that Schinske commenced her adversary proceeding for the same improper purposes.

The bankruptcy court denied the second and third sanctions motions for identical reasons. Initially, the court noted that these sanctions motions did not comply with a Local Rule applicable when a litigant files a duplicative motion. Abrams also failed to comply with Rule 9011(c)'s safe harbor requirement. More importantly, he failed to present any evidence demonstrating cause for sanctions. The court observed that in granting the codebtor stay motion and entering the default judgment, it necessarily determined that both matters were properly brought and meritorious.

Abrams timely appealed the denial of his third sanctions motion.

E.   **Abrams' motions to "dismiss" Schinske's adversary proceeding.**

In August 2021, roughly 15 months after entry of the default

judgment against him, Abrams filed his first "motion to dismiss" Schinske's adversary proceeding. The motion to dismiss was largely the same as about a half dozen other motions Abrams filed between April and August 2021. It only differed from the other motions in one notable respect: it cited Civil Rule 12(b)(6) as the principal basis for the motion. It also cited as an alternative basis Civil Rule 56. The motion mentioned subject matter jurisdiction and standing but was largely based on Abrams' repetitive claim that the Florida property was acquired for consumer purposes. The motion contained no coherent explanation why this claim implicated subject matter jurisdiction or standing.

In September 2021, the bankruptcy court denied the first dismissal motion without a hearing as moot in light of the default judgment. The court noted that the motion essentially sought the same relief as a number of Abrams' prior filings that the court had previously denied. It also noted that the time to seek relief under Civil Rule 12(b)(6) had passed long ago. As for Abrams' alternate request for summary judgment, in addition to being rendered moot by entry of the default judgment, the court held that the motion met none of the procedural summary judgment requirements. Abrams did not appeal this order.

In October 2021, Abrams filed his second motion to dismiss. Similar to his first dismissal motion, Abrams argued that Schinske's complaint had failed to establish both the court's subject matter jurisdiction and her standing to seek the relief requested in the complaint. The remainder of the

second dismissal motion asserted that Schinske had failed to sufficiently allege in her complaint that the Florida property was acquired as an investment and for rental purposes.[3] The court denied the motion a day after it was filed for the same reasons it denied the first dismissal motion. Abrams timely appealed the denial of the second dismissal motion.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1.      Did the bankruptcy court abuse its discretion when it denied Abrams' second dismissal motion?

2.      Did the bankruptcy court abuse its discretion when it denied Abrams' third sanctions motion?

## STANDARD OF REVIEW

Though Abrams described his dismissal motion as a Civil Rule 12(b)(6) motion, the motion essentially sought relief on jurisdictional grounds from the court's prior default judgment in favor of Schinske. Therefore, the governing standard of review is that applicable to Rule 9024 motions, which is abuse of discretion. *Fernandez v. GE Cap. Mortg. Servs. (In*

---

[3] The dismissal motion's discussion regarding the business or consumer purpose for acquiring the Florida property is a non sequitur. The adversary complaint did not challenge the application of § 1301 or whether the underlying debt was a consumer debt. Those issues were addressed only in the codebtor stay motion, which was addressed and resolved in the main bankruptcy case.

*re Fernandez)*, 227 B.R. 174, 177 (9th Cir. BAP 1998), *aff'd*, 208 F.3d 220 (9th Cir. 2000).

We also review orders regarding Rule 9011 sanctions for an abuse of discretion. *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 18 (9th Cir. BAP 2003).

The bankruptcy court abuses its discretion if it applies an incorrect legal rule or its factual findings are illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

"We may affirm on any ground fairly supported by the record." *Jimenez v. ARCPE 1, LLP (In re Jimenez)*, 613 B.R. 537, 543 (9th Cir. BAP 2020).

## DISCUSSION

Abrams challenges the orders denying his second dismissal motion and his third sanctions motion. We address each denial in turn.

**A.  Denial of the second motion to dismiss.**

Abrams maintains that the bankruptcy court should have granted his second Civil Rule 12(b)(6) motion. But that motion was filed far too late to be effective. He filed his second dismissal motion roughly 19 months after the court entered his default under Civil Rule 55(a),[4] and roughly 17 months after entry of the default judgment. After entry of default, Abrams

---

[4] Civil Rules 12(b) and 55 are made applicable in adversary proceedings by Rules 7012(b) and 7055, respectively.

no longer had the right or ability to respond to Schinske's complaint. *See Reilly v. Wells Fargo Bank, N.A. (In re Reilly)*, BAP No. AZ-19-1187-SFB, 2020 WL 710371, at \*6 (9th Cir. BAP Feb. 11, 2020), *aff'd*, 841 F. App'x 37 (9th Cir. 2021). Thus, Abrams no longer could file either an answer or a Civil Rule 12(b) motion to dismiss. *See, e.g., Jitrade, Inc. v. Style In USA, Inc.*, Case No. 2:17-CV-04245-ODW-SK, 2017 WL 8185858, at \*1 (C.D. Cal. Oct. 2, 2017) (striking Civil Rule 12(b)(6) motion to dismiss); *Cohen v. Murphy*, Case No. C 03-05793 HRL, 2004 WL 2779942, at \*1 (N.D. Cal. Apr. 20, 2004) (striking defendants' answer).

After entry of the default judgment, Abrams could obtain relief only under Civil Rule 60(b).[5] *See* Civil Rule 55(c); *Katzir's Floor & Home Design, Inc. v. M–MLS.com*, 394 F.3d 1143, 1147 n.1 (9th Cir. 2004). Because we must construe Abrams' pro se filings liberally, *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001), we will treat his second dismissal motion as if it were filed under Civil Rule 60(b).

Having reviewed Abrams' appeal brief and his second dismissal motion, the only coherent arguments he makes that might be cognizable under Civil Rule 60(b) concern the court's subject matter jurisdiction and Schinske's standing. The absence of subject matter jurisdiction or a lack of Article III standing potentially could support relief from the default judgment under Civil Rule 60(b)(4). *See generally United Student Aid Funds*,

---

[5] Civil Rule 60(b) is made applicable in bankruptcy cases and adversary proceedings by Rule 9024.

*Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (explaining that a federal court's judgment is void under Civil Rule 60(b)(4) only in those rare instances where the federal court manifestly lacks jurisdiction, lacking even an arguable basis for jurisdiction). Unfortunately for Abrams, both of his jurisdictional arguments are frivolous.

With respect to subject matter jurisdiction, bankruptcy courts have core jurisdiction over proceedings regarding the validity and scope of the automatic stay. 28 U.S.C. § 157(b)(2)(A), (G); *see Contractors' State License Bd. v. Dunbar (In re Dunbar)*, 245 F.3d 1058, 1062–63 (9th Cir. 2001).[6] As for Article III standing, the requirements are relatively minimal. *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 906 (9th Cir. BAP 2011). The litigant merely needs to show injury in fact, caused by or traceable to some conduct or statutory prohibition, which the requested relief likely would redress. *Id.*; *see also Cruz v. Stein Strauss Tr. # 1361 (In re Cruz)*, 516 B.R. 594, 601-02 (9th Cir. BAP 2014) (holding that successful bidder at foreclosure sale had statutory standing under § 362(d) to move for relief from stay). Here, Schinske's complaint readily established her Article III standing. Absent the declaratory relief she requested regarding the inapplicability of the automatic stay, the stay threatened to void her

---

[6] More precisely, 28 U.S.C. § 1334 conferred subject matter jurisdiction on the district court, which was referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and General Order No. 13-05 of the United States District Court for the Central District of California. 28 U.S.C. § 157(b)(2)(A) and (G) then gave the bankruptcy court authority to enter a final judgment.

purchase of the Florida property.

In short, Abrams' second dismissal motion failed to present any meritorious grounds for relief from the default judgment. Therefore, the bankruptcy court correctly denied the second dismissal motion.

**B.      Denial of the third sanctions motion.**

Abrams contends that the bankruptcy court should have granted his third Rule 9011 sanctions motion. We disagree. As recognized by the bankruptcy court, Abrams made no attempt to comply with Rule 9011's "safe harbor" requirement, which requires the movant to serve the sanctions motion 21 days in advance of filing to give the respondent an opportunity to withdraw the offending papers. *See* Rule 9011(c)(1)(A). Failure to provide the required advance notice justifies denial of the sanctions motion. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (enforcing Civil Rule 11's safe harbor requirement); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (same).

Substantively, the court's prior rulings are fatal to the sanctions motion. Abrams bore the burden to prove that Schinske filed the adversary complaint and the codebtor stay motion for improper purposes and that they were frivolous. *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 829-31 (9th Cir. 1994); *Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987). But the court granted Schinske the relief she sought in both matters. In other words, the court had already ruled that, Schinske's arguments were neither baseless nor filed for an improper purpose. The

12

record amply supported the bankruptcy court's finding that Abrams failed to meet his burden. Abrams cannot relitigate issues previously decided against him under the guise of requesting sanctions.

## CONCLUSION

For the reasons set forth above, we AFFIRM both orders appealed.